Albert Thrower, petitioner-appellant, appeals an August 21, 1998 judgment of the Franklin County Court of Common Pleas dismissing appellant's petition for habeas corpus and/or mandamus. We affirm.
In September 1988, appellant was indicted on eight counts: six counts of trafficking in marijuana, one count of permitting drug abuse, and one count of having a weapon under a disability. In a second indictment, appellant was charged with four more counts: one count of trafficking in marijuana, one count of conspiracy to commit trafficking in marijuana, and two counts of engaging in a pattern of corrupt activity. Attached to the second indictment was a list of appellant's personal and real property that was to be forfeited. On February 22, 1989, appellant pled guilty to all the counts in the first indictment and the fourth count in the second indictment, engaging in a pattern of corrupt activity. Appellant was sentenced to an indeterminate period of not less than seven years and not more than twenty-five years.
At the forfeiture hearing held on March 3, 1989, appellant moved to withdraw his guilty pleas. He renewed this motion to withdraw his guilty pleas on March 14, 1989, and counsel argued the issue on March 20, 1989. Appellant was not present at the March 20, 1989 hearing. On March 27, 1989, the court denied appellant's motion to withdraw the guilty pleas, incorrectly indicating that it had held an evidentiary hearing on the motion. Appellant appealed his conviction to the Summit County Court of Appeals. State v. Thrower (1989), 62 Ohio App.3d 359. The Summit County Court of Appeals found the trial court erred in holding an evidentiary hearing and forfeiting his personal property while appellant was not present and remanded the case to the trial court to correct these errors.
The trial court held an evidentiary hearing on October 5, 1990 on appellant's motion to withdraw his plea. At this hearing, appellant appeared at the trial court. The court found that its earlier order stating that it held an evidentiary hearing was incorrect, and it issued a nunc pro tunc order on December 31, 1990 to correct this error. The court then denied appellant's motion to withdraw his plea. On appeal, the Summit County Court of Appeals affirmed the trial court's decision.State v. Thrower (July 31, 1991), Summit App. No. 14967, unreported.
On November 25, 1991, the state moved the court for an order authorizing it to dispose of appellant's personal property. The trial court held a hearing on April 15, 1992, at which appellant was present. The court ordered appellant's personal property forfeited and distributed the funds in the possession of the Summit County Clerk of Courts. The forfeiture of appellant's personal property was affirmed by the Summit County Court of Appeals. State v. Thrower (1993), 85 Ohio App.3d 729. The Supreme Court of Ohio denied appellant's motion for leave to appeal. State v. Thrower (1993), 67 Ohio St.3d 1408.
On July 26, 1994, appellant filed an application in the Summit County Court of Appeals to reopen his appeal pursuant to App. R. 26(B), alleging ineffective assistance of appellate counsel. The Summit County Court of Appeals held that appellant had failed to show good cause for failing to file his application within ninety days after App. R. 26(B) took effect and denied the application. Appellant appealed that decision to the Supreme Court of Ohio, which affirmed the court of appeals decision. State v. Thrower (1994), 71 Ohio St.3d 397.
On June 12, 1998, appellant filed a petition for a writ of habeas corpus and/or mandamus, in which he challenged the validity of his indictment and sentence. On July 7, 1998, Warden Carl Anderson, appellee, filed a motion to dismiss such petition, arguing that: (1) appellant failed to file his state habeas corpus action in the county in which he is confined; (2) appellant failed to attach a list of his prior civil actions; and (3) appellant's indictment challenges are not reviewable in a state habeas corpus action. On August 21, 1998, the Franklin County Court of Common Pleas filed its decision and judgment and granted appellee's motion to dismiss. Appellant appeals this decision.
In his corrected brief, appellant asserts three assignments of error. However, these assignments of error are extremely lengthy and highly convoluted, and appellant's precise grounds for appealing are unclear. Therefore, we will generally address whether the trial court erred in dismissing appellant's petition for a writ of habeas corpus and/or mandamus.
R.C. 2725.03 states as follows:
 If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.
In the present case, appellant is currently residing in Grafton Correctional Institute in Grafton, Lorain County, Ohio. Since the correctional institution is not located in Franklin County, the Common Pleas Court of Franklin County lacked jurisdiction to determine a writ of habeas corpus. Therefore, the trial court's dismissal of the petition for a writ of habeas corpus was proper.
Appellant's pleading also included a writ of mandamus. Appellee asserted in his motion before the trial court that the petitions should have been dismissed because appellant did not comply with R.C. 2969.25(A). R.C. 2969.25(A) provides:
 (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 (1) A brief description of the nature of the civil action or appeal;
 (2) The case name, case number, and the court in which the civil action or appeal was brought;
 (3) The name of each party to the civil action or appeal;
 (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
The Supreme Court of Ohio has recently held that the provisions of R.C. 2969.25(A) are mandatory and has applied them to mandamus actions. State ex rel. Zanders v. Ohio ParoleBd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285. Therefore, failure to comply with R.C. 2969.25(A) is grounds for dismissal. Hattie v. Andrews
(May 14, 1998), Franklin App. No. 97APE11-1446, unreported (1998 Opinions 1811); Akbar-El v. Ohio Dept. of Rehab. andCorr. (Mar. 19, 1998), Franklin App. No. 97APE09-1180, unreported (1998 Opinions 621). A review of the record reveals that appellant failed to file an affidavit as required by R.C.2969.25(A). Pursuant to Zanders, Alford, Hattie, andAkbar-El, the trial court did not err in dismissing appellant's action in mandamus below.
Accordingly, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.