The STATE of Ohio, Appellee,

v.

THROWER, Appellant.

[Cite as *State v. Thrower* (1993), 85 Ohio App.3d 729.]

Court of Appeals of Ohio,
Summit County.

Nos. 15737, 15765.

Decided March 31, 1993.

Lynn Slaby, Summit County Prosecuting Attorney, for appellee.

Albert Thrower, pro se.

REECE, Judge.

Defendant-appellant, Albert Thrower, appeals the trial court's order forfeiting his personal property. We affirm.

On September 12, 1988, Thrower was indicted on eight counts: six counts of trafficking in marijuana, R.C. 2925.03(A); one count of permitting drug abuse, R.C. 2925.13(B); and one count of having a weapon under a disability, R.C. 2923.13. In a second indictment, Thrower was charged with four more counts: one count of trafficking in marijuana, R.C. 2925.03(A); one count of conspiracy to commit trafficking in marijuana, R.C. 2923.01(A)(1) and/or (A)(2); and two counts of engaging in a pattern of corrupt activity, R.C. 2923.32(A)(2). Attached to the second indictment was a list of Thrower's personal and real property that was to

be forfeited. On February 22, 1989, Thrower pled guilty to all the counts in the first indictment and the fourth count in the second indictment, engaging in a pattern of corrupt activity. Thrower was sentenced and the state was ordered to compile a list of the property which was to be forfeited.

On March 14, 1989, Thrower moved to withdraw his guilty plea. The trial court held a hearing on this matter. Thrower did not attend this hearing, and the trial court denied Thrower's motion. In this order the trial court incorrectly stated that it held an evidentiary hearing on Thrower's motion. This statement was corrected by a *nunc pro tunc* entry on December 31, 1990.

Thrower appealed his conviction to this court. *State v. Thrower* (1989), 62 Ohio App.3d 359, 575 N.E.2d 863 (*"Thrower I "*). We found the trial court erred in holding an evidentiary hearing and forfeiting his personal property while Thrower was not present. We remanded the case to the trial court to correct these errors.

The trial court scheduled an evidentiary hearing for July 15, 1990 on Thrower's motion to withdraw his plea. Thrower discharged his attorney at this hearing and requested the court release funds from the forfeited property so that he could employ new counsel. The trial court released $9,500 to Thrower's father, per Thrower's instructions, for this purpose. The trial court then rescheduled its hearing to October 5, 1990.

At this hearing, Thrower appeared at the trial court. He claimed he spent the released funds on other expenses and therefore had not retained counsel. He again requested the court to release funds so he could obtain counsel of his choice. The court refused this request and then held the hearing on the motion to withdraw Thrower's plea. The court found that its earlier order stating that it held an evidentiary hearing was incorrect; accordingly, it issued a *nunc pro tunc* order on December 31, 1990, to correct this error. The court then denied Thrower's motion to withdraw his plea. On appeal, this court affirmed the trial court's decision. *State v. Thrower* (July 31, 1991), Summit App. No. 14967, unreported, 1991 WL 149576 (*"Thrower II "*).

On November 25, 1991, the state moved the court for an order authorizing it to dispose of Thrower's personal property. The trial court ordered a hearing set for January 10, 1992. Thrower filed various motions, including further motions for release of funds, prior to the hearing. Due to these motions, the hearing was postponed until April 15, 1992. Thrower was present at this hearing. The court ordered Thrower's personal property forfeited and distributed the funds in the hands of the Summit County Clerk of Courts. Thrower appeals, raising fifteen assignments of error.

Assignments of Error[1]

"I. The trial court committed prejudicial error when it resentenced the defendant to more punishment, over objection in violation of his 'expectation of finality', double jeopardy clause, due process clause, equal protection clause, applicable to the defendant via the Fourteenth Amendment of the United States Constitution, and further violating the Sixth Amendment since defendant needed the proceeds from same to hire an attorney of his choice."

"III. The trial court erred by ordering the forfeiture of personal property, since per the entire plea bargain as spread upon the record, at the time of the plea all of the property, including the personal property listed on the indictment was to be sold to the defendant's proffered high bidder, as 'seriously considered' by the state, and agreed to at the time of the pleas, in a 'package deal', the 'renegging,' by the state, 'after' the plea, taking the personal property violated the defendant's Fourteenth Amendment rights via the due process clause, and the equal protection clause of the Fourteenth Amendment of the United States Constitution, same violated 4/15/92, upon resentencing."

"VII. The trial court erred by ordering resentencing of forfeiture from an indictment that is void on its face in violation of the United States Constitution, an act of congress, prejudicing the defendant, violating the ex post facto clause, equal protection clause, due process clause, double jeopardy clause, cruel and unusual punishment, divesting the trial court of jurisdiction, via Fourteenth Amendment, and violating the supremacy clause, Article VI Clause 2, of the United States Constitution and the grand jury clause of the Fifth and Fourteenth Amendment."

"VIII. The trial court committed prejudicial error when it resentenced the defendant to forfeiture of personal property, in violation of the plea agreement, spread on the record, since the state 'renegged' on the agreement, after the plea making the defendant actually innocent of the resentencing of forfeiture imposed, since same was to be sold to the defendant's proffered high bidder at the time of the plea, who was to return same, violating the defendant's due process rights, equal protection rights, under the Fourteenth Amendment of the U.S. Constitution."

"XI. The trial court committed prejudicial error, when it ordered the resentencing of personal property when the defendant is legally innocent of the pattern of corrupt activity, since the underlying charges he is legally innocent of making the defendant's indictment void *ab initio*, same being able to be challenged at

---

1. Thrower is proceeding *pro se*. We have corrected a number of misspelled words in his Assignments of Error. However, we have not changed the grammatical structure of any assignment.

anytime, and not barred by 'res judicata', since the record was expanded at an evidentiary hearing 10/5/90, via a certificate of vacation pursuant to USC Title 18 Section 5021, violating the due process clause, equal protection clause of the Fourteenth Amendment, supremacy clause, ex post facto clause, grand jury clause, double jeopardy clause, all applicable via the Fourteenth Amendment, also violating 5th, 6th Amendment 'notice', of the United States Constitution."

These assignments of error will be discussed together as these issues were either raised or should have been raised on Thrower's first appeal.

■ This court has recognized that the doctrine of res judicata applies to an appeal in a criminal case. *Thrower II.* In *Thrower II,* this court relied on *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus, to find that res judicata was applicable to issues that he should have raised in *Thrower I.*

Thrower's first assignment of error contends that he was placed in double jeopardy by the court resentencing him on remand. This issue was raised in *Thrower II.* Thrower's third, seventh, eighth and eleventh assignments of error are all issues that could have been raised on the first appeal. Thus, he cannot raise those issues on this appeal. Accordingly, these assignments are overruled.

### Assignment of Error II

"The trial court committed prejudicial error when it resurrected the jurisdiction of the trial court after it had lapsed, to take personal property not delineated as part of the sentencing in violation of the equal protection clause, due process clause of the Fourteenth Amendment, of the U.S. Constitution, over objection, prejudicing the defendant."

■ Thrower asserts that the trial court did not have jurisdiction to hear his case on remand. It is well established that a reviewing court's remand effectuates a revival of jurisdiction which may enable the lower court to conduct further proceedings and render a new judgment. *Superior Metal Products v. Bur. of Emp. Serv.* (1975), 41 Ohio St.2d 143, 146, 70 O.O.2d 263, 264, 324 N.E.2d 179, 181. As the trial court's hearing was in accordance with our remand order in *Thrower I,* the trial court had jurisdiction to resentence Thrower. His second assignment of error is without merit.

### Assignment of Error IV

"The trial court committed prejudicial error and denied the defendant due process of law, equal protection of the law when it held the 4/15/92 hearing without notice of the defendant objection, depriving the trial court of jurisdiction violating his Fourteenth Amendment rights to the United States Constitution."

■ At the hearing on April 15, 1992, Thrower claimed he did *not* receive notice of those proceedings. The record shows that the trial court issued an order requiring Thrower to be transported to the hearing. Thrower filed various motions, including one requesting he be permitted to wear a suit and a hairpiece at the hearing. In his April 6, 1992 motion for a release of funds to hire counsel, Thrower stated that he had knowledge of the April 15 hearing. All this indicates Thrower had notice of the hearing. Therefore, his fourth assignment of error is without merit.

## Assignments of Error

"V. The trial court committed prejudicial error and denied the defendant due process of law, equal protection of the law, under the Fourteenth Amendment when it refused to order the release of funds for an attorney of the defendant's choice, to proceed on first appeal as of right, from vehicles, personal property, seized and sold by state officials, in violation of the opinion in *Thrower I*, not listed on any indictment whatsoever, violating the defendant's Sixth and Fourteenth Amendment rights of the United States Constitution, prejudicing the defendant, the court assessing this property in terms of the defendant's simple interest rather than [defendant's] Sixth Amendment right."

"VI. The trial court erred by refusing to release monies so defendant could hire an appeals attorney of his choice, on his first appeal as of right, forcing the defendant to file his own brief, under protest, violating the defendant's Sixth Amendment right, Fourteenth Amendment right of the United States Constitution, prejudicing the defendant, violating equal protection rights, and due process rights."

"X. The trial court committed prejudicial error when it opined that it did not have jurisdiction to release to the defendant funds, and personal property, seized and sold by the state, not listed on any indictment whatsoever, for an attorney of his choice on defendant's first appeal as of right, violating his Sixth and Fourteenth Amendment rights of the United States Constitution."

■ These three assignments of error all question whether the trial court correctly decided not to release a portion of the forfeited funds to allow Thrower to retain counsel of his choice. Because the subject matter is related, we shall discuss them together.

The United States Supreme Court has held that failing to release funds from forfeited property to an individual convicted of a drug offense does not violate due process or the Sixth Amendment right to counsel. *Caplin & Drysdale v. United States* (1989), 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528. Thus, the trial

court's refusal to release funds was not error. Accordingly, Thrower's fifth, sixth and tenth assignments of error are without merit.

## Assignments of Error

"IX.   The trial court committed prejudicial error by ordering attorney fees to be paid out of the alleged forfeited monies to a court appointed attorney who per the record did not represent the defendant, did not represent same on appeal and at no time represented the defendant in any matter whatsoever, violating the defendant's Sixth and Fourteenth Amendment rights, under the due process clause and equal protection clause of the United States Constitution."

"XII.   The trial court committed prejudicial error, when it ordered the transfer of the funds, May 1, '92, the state not satisfying the provisions as set forth in the statute, the appellant not represented by court appointed attorney, so no funds should be withheld to pay same, the appellant's case in appeals with the monies including funds from personal property listed on the indictment, the subject of appeal, *sub judice*, violating the defendant's equal protection rights, under the Fourteenth Amendment of the United States Constitution."

■   In these two assignments of error, Thrower alleges the court erred in paying Attorney Dark as Dark did not represent him.   It is clear from the record that Dark appeared at the April 15 hearing and advocated Thrower's position. While Thrower filed an affidavit of indigency, he did not request appointed counsel because he persisted in his mistaken belief that the trial court was required to release funds to him.   We cannot say the trial court erred in appointing counsel to protect Thrower's rights on resentencing or in paying this counsel from the forfeited property.   Thrower's ninth and twelfth assignments of error are overruled.

## Assignment of Error XIII

"The trial court committed prejudicial error, when it proceeded with resentencing of defendant when per the record there is no indication in the record that appellant had signed a written waiver of right to counsel, Crim.R. 44(C), and the trial court did not comply with the requirements of *Von Moltke v. Gillies*, 332 U.S. 708 [68 S.Ct. 316, 92 L.Ed. 309], violating Art. I, Section 16 of the Ohio Const., the Sixth and Fourteenth Amendment of the U.S. Const., via the due process clause and Section 10, Article I of the Ohio Constitution."

■   In this case, the trial court did not have Thrower sign a waiver of counsel. However, Thrower had unequivocally stated that he would not accept appointed counsel in his motions to release forfeited funds to him in order to hire counsel of his choice.   In these motions, and at the April 15 hearing, Thrower showed his knowledge of the right to counsel.   The trial court appointed counsel for Thrower

after it determined not to release funds to Thrower a second time. The record shows Thrower refused to accept this counsel.

It is clear from the record that Thrower maintained his belief that he was permitted to have funds released to him. Because of this mistaken belief, he would not accept appointed counsel. It is doubtful he would have waived his right to counsel of his choice or signed any written waiver of counsel. Thrower clearly knew the benefits of counsel. Based on Thrower's position, the trial court did not err in not reducing this waiver to writing. Thrower's thirteenth assignment of error is not well taken.

## Assignment of Error XIV

"The trial court erred when it resentenced the defendant, when the defendant's case is pending before the Ohio Supreme Court and one of the issues pending before same is that the issue ordering the resentencing of the def't. was in violation of his double jeopardy rights. This resentencing was therefore void of jurisdiction, due to the fact that the same issue is before the Ohio Supreme Court and the holding of the hearing violated the defendant's due process right and equal protection rights under the 14th Amendment of the U.S. Constitution."

Thrower's assertion that the case was in the Supreme Court is incorrect. As there is no evidence on the record that the instant appeal was pending before the Supreme Court when the trial court resentenced defendant, Thrower's fourteenth assignment of error is without merit.

## Assignment of Error XV

"The trial court erred when it resentenced the defendant, when resentencing was barred by collateral estoppel, stare decisis, being determined in a prior opinion that 'the trial court did not delineate the criminal forfeiture of the personal property as part of the sentencing', same binding on the trial court and later opinions, such as this court, the resentencing therefore violated the equal protection clause and the due process clause of the 14th Amendment of the United States Constitution."

■ In the prior opinion to which Thrower refers, this court remanded the matter to the trial court to resentence Thrower in his presence. Thus, the first sentencing of Thrower was overturned on appeal. A decision which is overturned on appeal cannot be the basis for collateral estoppel. Nor would collateral estoppel bar a trial court from hearing a matter on remand. Thrower's fifteenth assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and DICKINSON, J., concur.