The STATE of Ohio, Appellant,

v.

LILLY, Appellee.

[Cite as *State v. Lilly* (2000), 139 Ohio App.3d 560.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18099.

Decided Aug. 4, 2000.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Carley J. Ingram*, Assistant Prosecuting Attorney, Appellate Division, for appellant.

*Dennis J. Adkins,* for appellee.

---

F<small>AIN</small>, Judge.

Plaintiff-appellant the state of Ohio appeals from an order of the trial court reducing the sentence of defendant-appellee for burglary. The state contends that the trial court was without authority to reduce the sentence.

Lilly contends that after his original conviction had been reversed by this court, and the Ohio Supreme Court subsequently reversed the judgment of this court, reinstated the conviction, and remanded the matter to the trial court, the trial court was vested with jurisdiction to modify his sentence.

We agree with the state that the trial court lacked authority, under these circumstances, to reduce Lilly's sentence. Accordingly, the order of the trial court reducing Lilly's sentence is reversed and vacated.

I

In 1997, Lilly, although acquitted of other charges, was convicted of burglary, and sentenced to five years in prison. Lilly was incarcerated pursuant to the sentence.

The premises that were the subject of the burglary were the marital premises of Lilly and his estranged wife. There was no court order excluding Lilly from the premises. Lilly appealed from his conviction, contending that he could not be found to have committed a trespass in the marital premises, since he had a statutory privilege, pursuant to R.C. 3103.04, to be upon the marital premises. We agreed, and reversed Lilly's conviction in May 1998. On June 3, 1998, Lilly's release from incarceration was ordered, and Lilly remained at liberty during the state's successful appeal to the Supreme Court of Ohio. In October 1999, the Ohio Supreme Court reversed our appellate judgment, reinstated the conviction, and remanded the cause to the trial court. *State v. Lilly* (1999), 87 Ohio St.3d 97, 717 N.E.2d 322. The final paragraph of that opinion, at 103, N.E.2d at 328, is as follows:

"Therefore, we reverse the judgment of the court of appeals and reinstate defendant's conviction for burglary under R.C. 2911.12(A)(2)."

The opinion of the court is followed by the notation:

"*Judgment reversed and cause remanded.*"

The judgment entry entered in the Ohio Supreme Court on October 20, 1999, provides as follows:

"This cause, here on appeal from the Court of Appeals from Montgomery County, was considered in the manner prescribed by law. On consideration thereof, the judgment of the court of appeals is reversed and the cause is remanded consistent with the opinion rendered herein.

"It is further ordered that the appellant recover from the appellee its costs herein expended; and that a mandate be sent to the court of common pleas for Montgomery County to carry this judgment into execution; and that a copy of this entry be certified to the clerk of the Court of Appeals for Montgomery County for entry."

On November 10, 1999, Lilly filed a motion, in the trial court, to modify his sentence. The state argued that the trial court was without authority to modify Lilly's sentence. The trial court granted Lilly's motion to modify and reduced his original sentence of five years to four years, by order entered November 29, 1999. From that order, the state appeals.

## II

█ The state's sole assignment of error is as follows:

"The trial court erred lacked authority [*sic*] to reduce appellee's sentence from five years imprisonment to four."

The state relies upon the general proposition that once a trial court has rendered a final, appealable judgment of conviction, it no longer has the power to modify that judgment, except as authorized by the General Assembly. The state contends that there is no provision in the Ohio Revised Code, applicable to the circumstances of this case, that would permit modification of Lilly's sentence.

Lilly argues that the act of the Ohio Supreme Court in remanding this cause to the trial court clothed the trial court with authority to modify the sentence. Lilly cites *Superior Metal Products v. Ohio Bur. of Emp. Serv.* (1975), 41 Ohio St.2d 143, 70 O.O.2d 263, 324 N.E.2d 179, and *State v. Thrower* (1993), 85 Ohio App.3d 729, 621 N.E.2d 456, motion to certify overruled, 67 Ohio St.3d 1457, 619 N.E.2d 425, for the proposition that it is axiomatic that "a reviewing court's remand effectuates a revival of jurisdiction which may enable the lower court to conduct further proceedings and render a new judgment." In our view, the cases Lilly cites do not support this proposition.

In *Superior Metal Products, supra,* the judgment of the original tribunal, in that case the Board of Review of the Ohio Bureau of Employment Services, was reversed. "Where an administrative decision has been reversed and vacated, as was done here, that decision is a nullity. Upon remand, the board is deciding anew, rather than *reconsidering* a prior decision." (Emphasis in original.) *Id.* at 146, 70 O.O.2d at 264, 324 N.E.2d at 181 In the case before us, the judgment of

the original tribunal was not reversed by the Ohio Supreme Court but was reinstated. There was no proper occasion, then, for the trial court to decide the case anew, and render a new judgment.

In *State v. Thrower, supra,* a trial court had ordered the forfeiture of personal property without having permitted the defendant to be present at the hearing preceding the forfeiture order. The court of appeals "found the trial court erred in holding an evidentiary hearing and forfeiting [Thrower's] personal property while Thrower was not present [and] remanded the case to the trial court to correct these errors." *Id.* at 731, 621 N.E.2d at 457. On remand, the trial court held an evidentiary hearing, and, following the hearing, again ordered Thrower's personal property forfeited. On appeal from this order, the court of appeals rejected Thrower's contention that the trial court had lacked jurisdiction to hear his case on remand. The court of appeals reasoned as follows:

"Thrower asserts that the trial court did not have jurisdiction to hear this case on remand. It is well established that a reviewing court's remand effectuates a revival of jurisdiction which may enable a lower court to conduct further proceedings and render a new judgment. *Superior Metal Products v. Bur. of Emp. Serv.* (1975), 41 Ohio St.2d 143, 146, 70 O.O.2d 263, 264, 324 N.E.2d 179, 181. As the trial court's hearing was in accordance with our remand order in *Thrower I,* [*State v. Thrower,* 62 Ohio App.3d 359, 575 N.E.2d 863 (1989)] the trial court had jurisdiction to resentence Thrower. His second assignment of error is without merit." *Id.* at 733, 621 N.E.2d at 459.

■ Where, as in *Thrower,* an appellate court holds that a trial court has erred by failing to provide a litigant with notice and an opportunity to be heard, and remands the cause to the trial court for the purpose of holding a hearing, the mandate from the appellate court obviously encompasses reconsideration of the matters that were the subject of the hearing. It would be absurd to remand a cause for a hearing if, following the hearing, the trial court would be powerless to revisit the subject matter of the hearing.

In the case before us, the intent of the Ohio Supreme Court, as expressed in its opinion, could not be clearer; it reversed our judgment of reversal, and reinstated Lilly's original conviction. The judgment of the trial court was reinstated, not reversed or vacated, as the result of the decision and judgment of the Ohio Supreme Court. We cannot construe the mandate issuing out of the Ohio Supreme Court to have encompassed the trial court's reconsideration of the judgment of conviction that the Supreme Court expressly reinstated.

In his brief, Lilly argues as follows:

"If the Supreme Court did not wish the trial court to re-sentence the Defendant this matter would not have been remanded to the trial court but,

rather, the Ohio Supreme Court would simply have ordered the Defendant to be arrested and to be presented to the Corrections Receptions Center to continue his sentence."

We disagree. If the Ohio Supreme Court had done as Lilly suggests, it would thereby have put itself in the position of having to enforce its judgment. The Ohio Supreme Court wisely remanded the cause to the trial court, after having reinstated the trial court's judgment of conviction, so that the trial court, not the Supreme Court, would be charged with the duty of enforcing the judgment of conviction. We assume that the Ohio Supreme Court has better things to do than to issue warrants and other orders to law enforcement officials to ensure that convicted defendants are taken into custody to begin, or, in this case, to resume serving their sentences. The enforcement of the judgment of conviction is within the ordinary purview of a common pleas court, which, ordinarily, will be in a much better position to issue warrants and other orders in aid of execution of its judgments of conviction.

Finally, we note the following paragraph from Lilly's brief:

"In *State ex rel. Davey v. Owen* (1937), 133 Ohio St. 96 [10 O.O. 102, 12 N.E.2d 144], the Court stated that:

" 'A court of superior jurisdiction does not in any case attempt to control the inferior court as to what the judgment should be. Therefore, when a case is remanded by the Ohio Supreme Court, it must go back to the trial court for further proceedings. The trial court then needs to reinstate the conviction to abide by the direction of the Ohio Supreme Court and then take whatever appropriate action the Court deems fit.' "

We are much obliged to Lilly for his citation of *State ex rel. Davey v. Owen, supra*, but we have read the entire text of that opinion twice, slowly, and cannot find the passage quoted above in Lilly's brief. The passage that most closely resembles the passage quoted in Lilly's brief is the following paragraph at page 106, 10 O.O. at 106, 12 N.E.2d at 149 of the opinion:

"The writ of *procedendo* is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be. However, such inquiry is limited to a determination of those questions proper to be presented in extradition proceedings and set forth in Section 109–3, General Code."

As might be supposed from reading the above-quoted paragraph, *State ex rel. Davey v. Owen, supra,* is a case in which the Ohio Supreme Court was asked to, and did, issue a writ of procedendo to require a trial court to proceed. In issuing the writ, the Ohio Supreme Court was careful to indicate that it was not

attempting to dictate to the trial court *how* it should proceed. That is, of course, the nature of a writ of procedendo, which merely orders an inferior court to exercise its jurisdiction, without dictating how that jurisdiction should be exercised.

Again, in the case before us, the Ohio Supreme Court did more than order the trial court to proceed. It expressly reinstated the judgment of conviction. Accordingly, the trial court was not free to modify that judgment of conviction. The cause was remanded to the trial court in order that the trial court could enforce the judgment of conviction.

The state's sole assignment of error is sustained.

## III

The state's sole assignment of error having been sustained, the order of the trial court modifying Lilly's conviction and sentence is reversed and vacated.

*Judgment accordingly.*

GRADY, P.J., and FREDERICK N. YOUNG, J., concur.