The STATE of Ohio, Appellee,

v.

CHILDS, Appellant.

[Cite as *State v. Childs* (2001), 141 Ohio App.3d 767.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18433.

Decided March 16, 2001.

▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Kirsten A. Davies,* Assistant Prosecuting Attorney, for appellee.

*Charles A. Smiley, Jr.,* for appellant.

---

BROGAN, Judge.

On April 29, 1997, Dineah Childs was convicted of engaging in a pattern of corrupt activity, three counts of conspiracy to commit a pattern of corrupt activity, and two counts of conspiracy to commit aggravated trafficking.

On November 20, 1998, this court reversed Childs's convictions on the corrupt activity counts in the indictment and the conspiracy to commit aggravated trafficking counts. We remanded the matter to the trial court for a further hearing on whether Childs had consented to the taping of her phone conversations, which formed the basis for convicting her on the conspiracy to commit aggravated trafficking charges.

The state appealed this court's judgment, and, on May 31, 2000, the Supreme Court of Ohio affirmed this court's reversal of Childs's conviction on the corrupt activity charge. However, the Supreme Court reversed this court's judgment on the counts involving the conspiracy to traffic in drugs. See *State v. Childs* (2000), 88 Ohio St.3d 558, 728 N.E.2d 379.

On June 22, 2000, Childs moved the trial court for a rehearing on the suppression of the tapes because she asserted that her trial counsel provided ineffective assistance of counsel in pursuing the suppression motion in the first instance. On July 26, 2000, the trial court denied her motion. The trial court stated in its decision that it had no authority to provide Childs a suppression hearing wherein she might demonstrate that her phone conversations were illegally intercepted. The trial court stated that it had no authority to do anything but to carry its previous judgment into execution. On July 28, 2000, appellant filed a premature notice of appeal. On August 1, 2000, the trial court reimposed appellant's sentence for Counts 14 and 15 (the trafficking charges).

In her two assignments of error, Childs contends that the trial court erred as a matter of law and abused its discretion in not providing her an evidentiary hearing to demonstrate that neither she nor Sean Pauley had consented to the phone conversations that were the basis of the conspiracy to traffic in drugs counts and in not providing her a hearing to demonstrate the ineffectiveness of her trial counsel.

In *Childs,* the Ohio Supreme Court addressed for the first time the issue of who bears the burden of proof of a nonconsensual telephone interception when the interception is not made by a governmental agent.

The Supreme Court adopted the position of some federal courts that placed the burden of proof on the party seeking to suppress the use of the tape-recorded phone conversations. The court concluded its opinion by stating:

"We adopt this reasoning for cases concerning Ohio's wiretapping statute and hold that the party seeking to suppress evidence allegedly obtained in violation of R.C. 2933.52(A)(1) bears the burden of proof on that issue. Accordingly, Childs bore the burden of proving that the tapes should have been suppressed and would have had to demonstrate that the tapes were made in violation of the wiretapping statute. To do so would have required evidence that *neither* party consented to the recording. Since Childs offered proof only that *her* consent was not obtained, she failed to sustain that burden and the trial court properly denied her motion to suppress." (Emphasis *sic.*) *Id.* at 568, 728 N.E.2d at 388.

The appellant contends that nothing in the Supreme Court's opinion suggested that the trial court lacked authority to revisit the suppression question. The state argues that the trial court lacked authority to do anything but carry out the mandate of the Ohio Supreme Court, which was to execute the prior sentence imposed upon Childs absent the reversed convictions. We agree with the state's argument.

▮ Absent extraordinary circumstances, a trial court has no discretion to disregard the mandate of a reviewing court in a prior appeal in the same case. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, paragraph one of the syllabus. Nor does a trial court have the authority to extend or vary the mandate. *State v. Letts* (Jan. 29, 1999), Montgomery App. No. 17084, unreported, 1999 WL 42011, at *3.

This court recently confronted the issue *sub judice* in *State v. Lilly* (2000), 139 Ohio App.3d 560, 744 N.E.2d 1222. In that case, Lilly was convicted of burglary and sentenced to a five-year term of imprisonment. *Id.* at 561, 744 N.E.2d at 1223. The defendant's conviction was subsequently vacated by this court based on insufficiency of the evidence. *Id.* On appeal, the Supreme Court of Ohio reversed this court's judgment, reinstated the defendant's conviction, and remanded the case to the trial court to carry its judgment into execution. *Id.* Before doing so, however, the trial court modified the defendant's sentence. *Id.* This court held that "[t]he judgment of the trial court was reinstated, not reversed or vacated," and, therefore, the trial court was without authority to reduce the defendant's sentence. *Id.* at 563, 744 N.E.2d at 1224.

▮ Likewise in this case the Supreme Court reversed this court's judgment and reinstated the appellant's convictions for conspiracy to traffic in drugs and sent a mandate to the common pleas court to carry its judgment into execution.

The trial court proceeded properly to deny Childs's motions. The appellant's assignments of error must accordingly be overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FAIN and GRADY, JJ., concur.