This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Albert Thrower ("Thrower"), appeals the decision of the Summit County Court of Common Pleas denying Appellant's motion to vacate his guilty plea. We affirm.
 I.
This case has a long history in this court. See State v. Thrower
(1989), 62 Ohio App.3d 359 ("Thrower I"); State v. Thrower (July 31, 1991), Summit App. No. 14967, unreported ("Thrower II"); State v.Thrower (1993), 85 Ohio App.3d 729 ("Thrower III"). In September 1988 and January 1989, Thrower was charged with several counts of trafficking in marijuana, engaging in a pattern of corrupt activity, conspiring to commit trafficking in marijuana, permitting drug abuse, and having a weapon while under disability. In February 1989, Thrower pleaded guilty to permitting drug abuse, having a weapon while under disability, engaging in a pattern of corrupt activity, and several counts of trafficking in marijuana. The trial court sentenced Thrower to incarceration for a period of seven to twenty-five years.
On March 3, 1989, Thrower filed a motion to withdraw his guilty plea. The court heard arguments on the issue and denied the motion. However, the court's order denying the motion incorrectly indicated that an evidentiary hearing was held. Thrower appealed his conviction and the denial of his motion to withdraw guilty plea. This court affirmed in part and reversed in part. Thrower I, supra. We remanded the cause for a rehearing on Thrower's motion to withdraw guilty plea. Id.
An evidentiary hearing was then set for October 5, 1990 on Thrower's motion to withdraw his guilty plea. Thrower appeared at the hearing without counsel. The court denied his motion to withdraw guilty plea on December 31, 1991. Thrower subsequently appealed this decision, and this court affirmed the decision of the trial court. Thrower II, supra.
The court ordered Thrower's real and personal property forfeited in April 1992. Thrower appealed this decision, and this court affirmed.Thrower III, supra. Finally, Thrower filed a motion to vacate his guilty plea in April 2001. The trial court denied the motion on the basis of res judicata. This appeal followed.
 II. Assignment of Error Number One PER THE RECORD, 6TH CIRCUIT OPINION #99-3776, In re . . . Thrower, Bousley v. US, 118 S.CT. 1604, 1609 THE APPELLANT'S PLEA IS VOID AS A MATTER OF LAW, RESULTING IN A "MANIFEST INJUSTICE", PER CRIM. R. 32.1 SINCE THE PACKAGE AGREEMENT, ENTERED INTO IN THE TWO (2) CASES, PER VOID INDICTMENTS, APPELLANT DID NOT "RECEIVE `REAL NOTICE OF THE NATURE OF TRUE NATURE OF THE CHARGE AGAINST HIM, THE FIRST AND MOST UNIVERSALLY RECOGNIZED REQUIREMENT OF DUE PROCESS.' Smith v. O'Grady . . . 61 S.CT. 572, 574 . . . (AND) THAT THE RECORD REVEAL THAT NEITHER HE, "NOR HIS COUNSEL, NOR THE COURT CORRECTLY UNDERSTOOD THE ESSENTIAL ELEMENTS OF THE CRIME WITH WHICH HE WAS CHARGED PETITIONER'S PLEA WOULD BE CONSTITUTIONALLY INVALID." Bousley, Id. @ 1609, MAKING THE PLEA TO THE PACKAGE, TWO CASE NUMBER PACKAGE AGREEMENT INVOLUNTARY, UNKNOWING, UNINTELLIGENT AS A MATTER OF LAW, VIOLATING THE OHIO 
U.S. CONSTITUTION'S DUE PROCESS CLAUSE, PREJUDICING APPELLANT [SIC]
 Assignment of Error Number Two APPELLANT'S PLEA IS INVOLUNTARY, UNINTELLIGENT AS A MATTER OF LAW, BECAUSE HE DID NOT "RECEIVE `REAL NOTICE OF THE NATURE OF TRUE NATURE OF THE CHARGE AGAINST HIM, THE FIRST AND MOST UNIVERSALLY RECOGNIZED REQUIREMENT OF DUE PROCESS." Bousley v. U.S., 118 S.CT. 1609, RESULTING IN A "MANIFEST INJUSTICE", PER PER CRIM. R. 32.1 [SIC]
 Assignment of Error Number Three APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATIONS OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS UNITED TO THE UNITED STATES CONSTITUTION AND SECTION TEN, ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO, FOR ADVISING APPELLANT TO PLEAD TO A WEAPON UNDER DISABILITY WHEN HE IS "ACTUALLY INNOCENT" OF SAME, ILLEGAL ESSENTIAL ELEMENT OF THE OFFENSE, DEGREE ENHANCING SPECIFICATIONS, WHEN SAME DID NOT EXIST AS A MATTER OF LAW, CASE # 88 9 1300A, B, THOSE CHARGES FORMING EX. I, 89 1 0026 INDICTMENT NAMING NONEXISTENT "1983" EXPUNGED CONVICTION TO START "PATTERN OF CORRUPT ACTIVITY", COUNT 4, "BECAUSE UNDER THE FACTS OF THE INDICTMENT, (APPELLANT) COULD NOT PLEAD GUILTY TO AN OFFENSE FOR WHICH HE COULD NEITHER BE CHARGED NOR CONVICTED . . . BY BENCH OR JURY AND STILL SATISFY THE UNITED STATES CONSTITUTION.", Fletchinger, infra, AND THAT TRIAL COUNSEL WAS U.S. CONSTITUTIONALLY INEFFECTIVE IN THAT THEY [NEGOTIATED] A PLEA BARGAIN THAT WAS NOT A "STATUTORILY [PROSCRIBED] ACT . . . VIEWED NEITHER AS VOLUNTARY WERE INDUCED BY A PROMISE, THE VERY ESSENCE OF WHICH IS NONPERFORMABLE, NOR AS KNOWING, WHERE THE FACT OF THE ILLEGALITY WAS INSUFFICIENTLY DELINEATED AND, THEREFORE IS VOID." State v. Bowen, 368 N.E.2d 843 Machibroda v. United States, 368 U.S. 487, 493, "THUS, TRIAL COUNSEL'S RECOMMENDATION, [NEGOTIATED] PLEA BARGAIN) AS TO SENTENCING AND THE QUALIFIED ACCEPTANCE BY THE TRIAL COURT WERE A NULLITY." Bowen, Id. [SIC]
 Assignment of Error Number Four THIS COURT SHOULD VACATE THE DEFENDANT'S ALLEGED PLEA AS A MATTER OF LAW SINCE SAME VIOLATES DEFENDANT'S 14TH AMENDMENT RIGHT, CAUSING DEFENDANT'S PLEA TO BE UNKNOWING, UNINTELLIGENT, INVOLUNTARY DUE TO INEFFECTIVE COUNSEL [SIC]
 Assignment of Error Number Five THE DEFENDANT WAS PREJUDICED DUE TO INEFFECTIVE APPELLATE COUNSEL, VIOLATING THE APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS [SIC]
 Assignment of Error Number Six THE DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED BY A DEFECT IN THE INDICTMENT, PREJUDICING THE DEFENDANT, MAKING THE ALLEGED PLEA UNKNOWING, UNINTELLIGENT AND BASED ON THE INEFFECTIVENESS OF COUNSEL [SIC]
In his six assignments of error, Thrower asserts various constitutional challenges to his convictions. Crim.R. 32.1 governs the withdrawal of guilty pleas. It provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Crim.R. 32.1. A defendant who seeks to withdraw or vacate a guilty plea after his sentence is imposed must demonstrate a manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Moreover,
 [w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
State v. Reynolds (1997), 79 Ohio St.3d 158, 160. Similarly, if a defendant files a motion to withdraw a guilty plea after the expiration of time for a direct appeal and alleges a constitutional violation as its basis, the motion must be treated as one for postconviction relief under R.C. 2953.21. State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported, at 4; State v. Alvarez (June 28, 2000), Lorain App. No. 00CA007544, unreported, at 3.
In this case, Thrower originally pleaded guilty in February 1989 and was sentenced by the trial court in March 1989. The time for a direct appeal of that conviction has long passed. Thrower now asserts that his constitutional rights were violated in the trial court. Thus, his motion to vacate his guilty plea, despite its caption, meets the definition of a motion for postconviction relief pursuant to R.C. 2953.21(A)(1). SeeState v. Alvarez (June 28, 2000), Lorain App. No. 00CA007544, unreported, at 3.
R.C. 2953.21(A)(2) provides that where a direct appeal of a conviction has been made, a postconviction relief petition must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" If a direct appeal is not filed, the defendant must file the petition "no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2).
A court is precluded from addressing untimely petitions for postconviction relief unless the defendant meets at least one of the exceptions specified in 2953.23(A)(1). If a petitioner files a petition for postconviction relief beyond the mandated time, he must first demonstrate to the court that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or, subsequent to the appeal period, the United States Supreme Court recognized a new right to be applied retroactively to those in his position. R.C. 2953.23(A). The petitioner must also show by clear and convincing evidence that, but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. Id.
Thrower pleaded guilty and was sentenced by the trial court in February 1989. Thrower did not file his motion to vacate his guilty plea that is the subject of this appeal until April 23, 2001, long after the one hundred eighty day limit for filing a petition for postconviction relief had run. Therefore, Thrower's motion to vacate guilty plea was an untimely petition for postconviction relief.
Courts are also barred from considering successive petitions for similar postconviction relief unless the petitioner first demonstrates that he meets one of the same exceptions set forth in R.C. 2953.23(A). As is the case with petitioners filing untimely petitions for postconviction relief, a petitioner requesting similar relief in a successive motion must first demonstrate that he could not discover the facts upon which his claim for relief is based, or a new right, recognized by the United States Supreme Court, applies retroactively to his situation. He must also prove by clear and convincing evidence that, but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A).
In this case, Thrower was convicted and sentenced in 1989. He filed his first motion to withdraw his guilty plea in 1989, after the trial court imposed its sentence. In the 1989 motion, Thrower argued violations of his constitutional rights. See Thrower I, supra. Thus, Thrower's first motion to withdraw his guilty plea was actually a petition for postconviction relief. Thrower's motion to vacate his guilty plea, filed in the trial court in April, 2001, requests relief that is similar to that requested in 1989. Therefore, the motion that is the subject of this appeal is a successive petition for similar postconviction relief.
As a result, Thrower's April, 2001 motion to vacate his guilty plea is both a successive petition for similar postconviction relief and an untimely petition for postconviction relief. Thrower does not argue the existence of either of the exceptions mentioned in R.C. 2953.23(A) governing late or successive petitions. Accordingly, the trial court was precluded from addressing Thrower's petition on its merits. Therefore, Thrower's six assignments of error are overruled.
 III.
Having overruled Thrower's six assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
WHITMORE, J., BATCHELDER, J. CONCUR.