OPINION
{¶ 1} Defendant-appellant, Mark W. Maxwell, appeals from the October 23, 2002 judgment of the Franklin County Court of Common Pleas sentencing him on five counts of disseminating matter harmful to juveniles, eight counts of pandering obscenity involving a minor, and one count of illegal use of a minor in a nudity-oriented material or performance. For the following reasons, we reverse and remand.
 {¶ 2} On June 14, 1999, the Franklin County Grand Jury indicted defendant on 33 counts for downloading onto his computer sexually explicit photographs depicting nude minors, e-mailing sexually explicit photographs to female minors and enticing female minors to meet him for sex for hire. After a jury trial, defendant was convicted of one count of compelling prostitution, in violation of R.C. 2907.21(A)(2), five counts of disseminating matter harmful to juveniles, in violation of R.C. 2907.31(A)(1), eight counts of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(6), and one count of illegal use of a minor in a nudity-oriented material or performance, in violation of R.C. 2907.323(A)(3). On September 20, 1999, the trial court issued a judgment entry ordering defendant to serve a total term of 18 years' imprisonment and classifying him as a sexual predator.
 {¶ 3} On appeal, defendant challenged the validity of each of his convictions, his sentence, and his classification as a sexual predator. In our September 14, 2000 decision, this court reversed defendant's convictions for compelling prostitution and pandering obscenity involving a minor, but upheld defendant's convictions for disseminating matter harmful to juveniles and illegal use of a minor in a nudity-oriented material or performance. Further, we remanded the matter to the trial court for resentencing and a new sexual predator hearing. State v. Maxwell (Sept. 14, 2000), Franklin App. No. 99AP-1177 ("Maxwell I").
 {¶ 4} With regard to the compelling prostitution conviction, we held that reversal was necessary because the state violated defendant's right to a speedy trial when it failed to bring him to trial within 270 days after his arrest. With regard to the convictions for pandering obscenity involving a minor, we held that in order to prove those offenses, the state was required to show that defendant acted recklessly when he brought into Ohio (i.e., downloaded onto his computer) obscene photographs depicting minors. Because we found that the state failed to present any evidence that defendant knew downloading the photographs would result in the photographs being brought into Ohio, we reversed defendant's convictions for pandering obscenity involving a minor.
 {¶ 5} The state then sought a discretionary appeal before the Supreme Court of Ohio. While the Supreme Court was considering whether to allow the appeal, the Supreme Court stayed the execution of our judgment in Maxwell I pending the resolution of the appeal. State v. Maxwell (Oct. 16, 2000),90 Ohio St.3d 1437.
 {¶ 6} On February 7, 2001, the Supreme Court allowed the state's appeal on only one proposition of law — that R.C.2907.321(A)(6) (Pandering Obscenity Involving a Minor) demonstrated the intent of the General Assembly to impose strict liability on the act of bringing child pornography into Ohio.State v. Maxwell (2001), 91 Ohio St.3d 1430. In its May 15, 2002 decision, the Supreme Court agreed with this proposition of law and reversed our decision in Maxwell I on that ground.State v. Maxwell, 95 Ohio St.3d 254, 2002-Ohio-2121. By doing so, the Supreme Court reinstated defendant's convictions for pandering obscenity involving a minor.
 {¶ 7} The May 15, 2002 judgment entry that implemented the Supreme Court's decision stated:
This cause, here on appeal from the Court of Appeals for Franklin County, was considered in the manner prescribed by law. On consideration thereof, the judgment of the court of appeals is reversed consistent with the opinion rendered herein.
It is further ordered * * * that a mandate be sent to the Court of Common Pleas for Franklin County to carry this judgment into execution; and that a copy of this entry be certified to the Clerk of the Court of Appeals for Franklin County for entry.
 {¶ 8} On October 10, 2002, defendant appeared before the trial court for resentencing. Upon reviewing Maxwell I and the Supreme Court's decision, the trial court concluded that it was required to re-sentence defendant for his convictions for disseminating matter harmful to juveniles, pandering obscenity involving a minor and illegal use of a minor in a nudity-oriented material or performance. After deciding that it would not revisit its previous sexual predator finding, the trial court re-sentenced defendant to a total of eight years' imprisonment. The October 23, 2002 judgment entry reflected this sentence and defendant's classification as a sexual predator.
 {¶ 9} Seven days after the trial court issued its October 23, 2002 judgment entry, this court issued a judgment entry vacatingMaxwell I and affirming the trial court's September 20, 1999 judgment "consistent with the opinion of the Supreme Court."
 {¶ 10} On appeal from the trial court's October 23, 2002 judgment entry, defendant assigns the following errors:
[1.] Pandering Obscecity [sic] involving a minor (Ohio Revised Code Section 2907.321), as applied to the case at bar and acts involving computers in general, is constitutionally impermissible and violates the Equal Protection Clause of theFourteenth Amendment of the United States Constitution, as well as the Due Process Clause of the Ohio Constitution as well asFirst Amendment free speech protection.
[2.] Illegal use of a minor in a nudity oriented material or performance, contrary to Ohio Revised Code Section 2907.323, as applied in the case at bar and to computer images, is constitutionally impermissible, overbroad, and violates theFirst Amendment to the United States Constitution, as well as guarantees of equal protection provided for under the Fourth andFourteenth Amendments, as applied to Count 17.
[3.] The trial court erred to the substantial prejudice of appellant in finding him to be a sexual predator, contrary to the statutory mandate.
[4.] The court erred to the substantial prejudice of appellant in finding him to be a sexual predator, contrary to the statutory mandate.
[5.] The trial court erred in sentencing appellant to consecutive terms for multiple counts.
 {¶ 11} In its cross-appeal, the state assigns the following errors:
[1.] The trial court lacked jurisdiction to hold a "re-sentencing hearing."
[2.] The trial court lacked authority to reduce appellant/crossappellee's sentence.
 {¶ 12} Because the state's cross-assignments of error are potentially determinative of this matter, we will address them first. By both its first and second cross-assignments of error, the state argues that the trial court did not have the authority to re-sentence defendant, much less to re-sentence him to a reduced prison term. We disagree.
 {¶ 13} A reviewing court's remand effectuates a revival of a trial court's authority to conduct further proceedings in a case.State v. Thrower (1993), 85 Ohio App.3d 729, 733. However, absent extraordinary circumstances, that trial court's authority is limited to executing the mandate of the higher court in the prior appeal. Nolan v. Nolan (1984), 11 Ohio St.3d 1, syllabus;State ex rel. Heck v. Kessler (1995), 72 Ohio St.3d 98, 103
(issuing a writ of mandamus compelling a trial court judge to comply with the Supreme Court's mandate in a previous appeal of the case). See, also, State v. Aliane, Franklin App. No. 03AP-881, 2004-Ohio-3698, ¶ 16 ("In accordance with the law of the case doctrine, a trial court has no discretion to disregard the mandate of a reviewing court and no authority to extend or vary the mandate given."); Columbus v. Hayes (1990),68 Ohio App.3d 184, 186 ("When a case is remanded to a trial court from an appellate court, the mandate of the appellate court must be followed."). When a case is remanded to a trial court, that court "may not consider the remanded case for any other purpose, may not give any other or further relief, may not review for apparent error, and may not otherwise intermeddle with it except to settle so much as has been remanded." State ex rel. Natl. Elec. Contrs.Assn. v. Ohio Bur. of Emp. Servs. (Sept. 16, 1999), Franklin App. No. 97APD07-895, affirmed (2000), 88 Ohio St.3d 577.
 {¶ 14} In the case at bar, the Supreme Court's May 15, 2002 judgment entry ordering the trial court to "carry this judgment into execution" revived the trial court's authority over this matter. However, the scope of the trial court's authority was limited to settling only what was remanded. In order to determine what actions were required of it on remand, the trial court had to look to both the Supreme Court's decision and Maxwell I. The trial court's duty upon remand included following this court's mandate in Maxwell I because: (1) the Supreme Court's decision did not vitiate the entirety of the mandate we imposed inMaxwell I; and (2) the issuance of the Supreme Court's decision lifted the stay the Supreme Court had earlier imposed upon the execution of Maxwell I. Consequently, the trial court was required to implement Maxwell I, as modified by the Supreme Court's decision.
 {¶ 15} As we stated above, although the Supreme Court reversed the portion of Maxwell I that reversed defendant's convictions for pandering obscenity involving a minor, it left the remainder of our judgment intact. Thus, pursuant to our mandate in Maxwell I, the trial court's authority on remand included the authority to dismiss defendant's conviction on compelling prostitution and to re-sentence defendant for the remaining convictions. Accordingly, the trial court was correct to do both.
 {¶ 16} Further, we note that Maxwell I did not limit the trial court's authority to resentence defendant. Therefore, the trial court had the authority to sentence defendant to a lesser term of incarceration than previously sentenced, as long as that term remained within the statutory limits. See State v. Thomas
(1992), 80 Ohio App.3d 452, 458; State v. Washington (July 17, 2001), Franklin App. No. 00AP-1077.
 {¶ 17} The state, however, argues that the trial court had no authority to resentence defendant because this court issued a judgment entry on October 30, 2002, vacating Maxwell I.
Apparently, we issued this judgment entry under the erroneous belief that the Supreme Court's decision reversed Maxwell I in its entirety. Regardless, at the time the trial court re-sentenced defendant — in a judgment entry issued October 23, 2002 — Maxwell I was still in effect and invested the trial court with the authority to resentence defendant.
 {¶ 18} Accordingly, we overrule both of the state's cross-assignments of error.
 {¶ 19} By defendant's first and second assignments of error, he challenges the constitutionality of R.C. 2907.321, Pandering Obscenity Involving a Minor, and R.C. 2907.323, Illegal Use of a Minor in Nudity-Oriented Material or Performance. Generally, a defendant must raise any argument asserting a statute's unconstitutionality in the trial court. State v. Samatar,152 Ohio App.3d 311, 2003-Ohio-1639, ¶ 115. Failure to raise this kind of argument at the trial court level constitutes a waiver, and an appellate court is not required to consider it. State v.Mink, 101 Ohio St.3d 350, 2004-Ohio-1580, ¶ 101, citing Statev. Awan (1986), 22 Ohio St.3d 120, syllabus.
 {¶ 20} In the case at bar, defendant did not contest the constitutionality of either R.C. 2907.321 or 2907.323 at trial. Therefore, he waived these arguments, and we will not consider them for the first time on appeal. Accordingly, we overrule defendant's first and second assignments of error.
 {¶ 21} Because defendant's third and fourth assignments of error are virtually identical, we will address them together. By these assignments of error, defendant argues that the trial court erred in classifying him as a sexual predator because none of his surviving convictions constitute "sexual oriented offenses." We agree.
 {¶ 22} To earn the designation of sexual predator, "the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must be `likely to engage in the future in one or more sexually oriented offenses.'"State v. Eppinger (2001), 91 Ohio St.3d 158, 161, quoting R.C. 2950.01(E). R.C. 2950.01(D) sets forth the specific offenses that can constitute "sexually oriented offenses." Included among those offenses is compelling prostitution, in violation of R.C.2907.21, if the offense is committed by a person 18 years or older and the person who is compelled to engage in the sexual activity in question is younger than 18. R.C.2950.01(D)(1)(b)(ii).
 {¶ 23} In the case at bar, defendant was originally convicted of compelling the prostitution of a 13-year-old minor female in violation of R.C. 2907.21. At the time of the offense, defendant was 27 years old. Thus, defendant was convicted of committing a "sexually oriented offense," and this conviction originally made him eligible for classification as a sexual predator. However, this court reversed defendant's conviction for compelling prostitution in Maxwell I, and the trial court vacated it in the October 23, 2002 judgment entry. Therefore, at the time of his re-sentencing, defendant was not convicted of any "sexually oriented offense" and, thus, the trial court erred when it adjudicated him a sexual predator.[1]
 {¶ 24} The state, however, argues that res judicata bars defendant's objection to his sexual predator classification because defendant did not raise this objection during his first sentencing hearing and the original appeal. We find this argument illogical. Defendant could not have asserted this objection in his first appeal because the circumstances creating the problem did not arise until we decided Maxwell I, which reversed the compelling prostitution conviction. Further, defendant did
raise this argument before the trial court during the re-sentencing hearing. Accordingly, as defendant timely asserted this argument, it is not barred by res judicata.
 {¶ 25} Accordingly, we sustain defendant's third and fourth assignments of error.
 {¶ 26} By his fifth assignment of error, defendant argues that the trial court did not make the necessary findings to sentence him to consecutive sentences. We agree.
 {¶ 27} An appellate court will not disturb a trial court's sentencing decision unless there is clear and convincing evidence that either the record does not support the sentence or that the sentence is contrary to law. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, ¶ 10, citing R.C. 2953.08(G)(2)(b). In determining whether a sentence is contrary to law, an appellate court must review the record to determine whether the trial court considered the appropriate statutory factors, made the required findings, gave the reasons for its findings, and properly applied the statutory guidelines. State v. Altalla, Franklin App. No. 03AP-1127, 2004-Ohio-4226, ¶ 7.
 {¶ 28} When imposing consecutive sentences for multiple offenses, a trial court must make the findings required by R.C.2929.14(E)(4) at the sentencing hearing. Comer, supra, at ¶ 13. Pursuant to R.C. 2929.14(E)(4):
[T]he court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c).
Comer, supra (emphasis sic, citations omitted). Further, when making the findings mandated by R.C. 2929.14(E)(4) during the sentencing hearing, the trial court must also "give its reasons for selecting the sentence imposed * * *." R.C. 2929.19(B)(2).
 {¶ 29} Although a trial court is not required to utter any magic or talismanic words, the record must reflect that the court made the requisite findings. State v. Kellum, Franklin App. No. 03AP-711, 2004-Ohio-4037, ¶ 9. Here, the trial court merely stated that "some portion of those sentences should be run consecutive to each other just by the sheer nature of the offense and the repetitiveness of the offense," and that consecutive sentences were warranted because of "the weight, gravity and seriousness and the repeat conduct of the offense." Such general statements do not amount to the specific findings R.C.2929.14(E)(4) requires.
 {¶ 30} Accordingly, we sustain defendant's fifth assignment of error.
 {¶ 31} For the foregoing reasons, defendant's first and second assignments of error are overruled, and his third, fourth, and fifth assignments of error are sustained. The state's two cross-assignments of error are overruled. The Franklin County Court of Common Pleas' October 23, 2003 judgment entry is reversed and vacated in its entirety, and this case is remanded to that court so that it can re-sentence defendant on his convictions for five counts of disseminating matter harmful to juveniles, in violation of R.C. 2907.31(A)(1) (counts 5, 21, 30, 32 and 33), eight counts of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(6) (counts 7, 8, 9, 11, 12, 13, 14 and 15), and one count of illegal use of a minor in a nudity-oriented material or performance, in violation of R.C.2907.323(A)(3) (count 17).
Judgment reversed and cause remanded.
Brown and Sadler, JJ., concur.
[1] We note that defendant was also convicted of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(6), and illegal use of a minor in a nudity-oriented material or performance, in violation of R.C. 2907.323(A)(3). Pursuant to R.C. 2950.01(D)(1)(b)(iii) and (iv), 2907.321(A)(1) and (3) (Pandering Obscenity Involving a Minor), as well as R.C.2907.323(A)(1) and (2) (Illegal Use of a Minor in a Nudity-Oriented Material or Performance) can also be "sexually oriented offenses." However, because the only divisions of R.C.2907.321 that constitute sexually oriented offenses are (A)(1) and (3), R.C. 2907.321(A)(6) — the offense defendant was convicted of — does not qualify as a sexually oriented offense. Likewise, because the only divisions of R.C. 2907.323 that constitute sexually oriented offenses are (A)(1) and (2), R.C.2907.323(A)(3) — the offense defendant was convicted of — does not qualify as a sexually oriented offense.