[Cite as *State v. Watters*, 2018-Ohio-4565.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-140 |
| | | (C.P.C. No. 16CR-3623) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Dametrius Watters, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 13, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *The Law Office of Thomas F. Hayes, LLC*, and *Thomas F. Hayes*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Dametrius Watters, appeals from a judgment entry of the Franklin County Court of Common Pleas finding him guilty of one count of improperly discharging a firearm at or into a habitation or school safety zone, one count of discharging a firearm on or near prohibited premises, one count of improperly handling firearms in a motor vehicle, and one count of having a weapon while under disability. The first count contained an accompanying drive-by shooting specification, and the first three counts each contained accompanying three-year firearm specifications. Because the trial court erred in imposing a three-year firearm specification on Count 3, improperly handling firearms in a motor vehicle, we reverse.

## I. Facts and Procedural History

{¶ 2}   By indictment filed July 1, 2016, plaintiff-appellee, State of Ohio, charged Watters with one count of improperly discharging a firearm at or into a habitation or school safety zone in violation of R.C. 2923.161, a second-degree felony, along with an accompanying three-year firearm specification pursuant to R.C. 2941.145(A) and a five-year drive-by shooting specification pursuant to R.C. 2941.146(A); one count of discharging a firearm on or near prohibited premises in violation of R.C. 2923.162, a third-degree felony, along with an accompanying three-year firearm specification pursuant to R.C. 2941.145(A); one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16, a fourth-degree felony, along with an accompanying three-year firearm specification pursuant to R.C. 2941.145(A); and two counts of having weapons while under disability in violation of R.C. 2923.13, both third-degree felonies.  The charges stemmed from a drive-by shooting into a house on June 23, 2016.  Watters entered a plea of not guilty.

{¶ 3}   Following a trial conducted November 13-16, 2017, a jury found Watters guilty of improperly discharging a firearm at or into a habitation or school safety zone, discharging a firearm on or near prohibited premises, and improperly handling firearms in a motor vehicle, along with all accompanying specifications.  Watters waived his right to a jury trial on the having a weapon while under disability charges, and the trial court found Watters guilty of one count of having a weapon while under disability and entered a nolle prosequi to the remaining count of having a weapon while under disability.

{¶ 4}   At a December 13, 2017 sentencing hearing, the trial court sentenced Watters to three years on the charge of improperly discharging a firearm at or into a habitation or school safety zone, plus three years on the firearm specification and five years on the drive-by shooting specification; merged the count of discharging a firearm on or near prohibited premises with Count 1; one year on the charge of improperly handling firearms in a motor vehicle, plus three years on the firearm specification; and three years on the charge of having a weapon while under disability.  Additionally, the trial court imposed a three-year period of post-release control.  The court ordered the sentences on the base offenses to be concurrent and for the mandatory specifications to be consecutive for an aggregate prison term of 11 years.  Additionally, the trial court ordered the sentences in this case to run

consecutive to the sentences imposed for Watters convictions in Franklin C.P. No. 16CR-3569. The trial court journalized Watters' convictions and sentence in a January 26, 2018 judgment entry. Watters timely appeals.

## II.  Assignment of Error

{¶ 5}  Watters assigns the following error for our review:

> On Count 3, the court imposed a three-year sentence for the firearm specification.

## III.  Analysis – Sentencing for Firearm Specification

{¶ 6}  In his sole assignment of error, Watters argues the trial court erred in imposing a three-year firearm specification on his conviction for Count 3 of the indictment, improperly handling a firearm in a motor vehicle.

{¶ 7}  An appellate court will not reverse a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or that the sentence is contrary to law. *State v. Chandler*, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10, citing *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 27, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 10. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law").

{¶ 8}  A jury found Watters guilty to Count 3 of the indictment, improperly handling a firearm in a motor vehicle, in violation of R.C. 2923.16. The trial court then sentenced Watters to 12 months in prison on the base offense along with an additional 3 years pursuant to the accompanying firearm specification. R.C. 2929.14(B)(1)(a) and (b) outline the mandatory prison sentences for accompanying firearm specifications. However, pursuant to R.C. 2929.14(B)(1)(e), "[t]he court shall not impose any of the prison terms described in division (B)(1)(a) or (b) of this section upon an offender for a violation of * * * [R.C.] 2923.16," the improperly handling a firearm in a motor vehicle statute. The state concedes it was error for the trial court to impose a prison sentence for the firearm specification accompanying Watters' conviction for improperly handling a firearm in a motor vehicle. *See State v. Wright*, 10th Dist. No. 09AP-207, 2009-Ohio-6773, ¶ 32

(former R.C. 2929.14(D)(1)(e), the equivalent of current R.C. 2929.14(B)(1)(e), precludes the imposition of a firearm specification sentence on a conviction of improperly handling a firearm in a motor vehicle).

{¶ 9}   Because the trial court erred in imposing the three-year sentence on the firearm specification accompanying Watters' conviction of improperly handling a firearm in a motor vehicle, that portion of Watters' sentence is contrary to law.  Accordingly, we remand the matter to the trial court for resentencing.  We sustain Watters' sole assignment of error.

## IV.  Disposition

{¶ 10}   Based on the foregoing reasons, the trial court erred in imposing a prison sentence on the firearm specification accompanying Watters' conviction of improperly handling a firearm in a motor vehicle.  Having sustained Watters' sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for resentencing in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded.*

TYACK and SADLER, JJ., concur.