OPINION
{¶ 1} Defendant-appellant, Antonio R. Chandler, appeals from judgments of the Franklin County Court of Common Pleas, consolidated for purposes of this appeal, sentencing him to an aggregate term of three years in prison. Defendant assigns a single error:
The trial court erred by imposing a sentence of imprisonment for fifth degree felony offenses when the court does not find any of the factors set forth in R.C. 2929.13(B). Because the trial court made the necessary findings to sentence defendant to the prison terms imposed, we affirm.
 {¶ 2} On January 28, 2004, in common pleas court case No. 04CR-01-452, an indictment was filed charging defendant with one count of breaking and entering in violation of R.C. 2911.13, a fifth-degree felony, and one count of theft of a motor vehicle in violation of R.C.2913.02, a fourth-degree felony. The offenses were alleged to have occurred on or about December 17, 2003. On February 27, 2004, defendant was arrested and jailed, and on March 4, 2004, defendant posted bond and was released on bail. Pretrial on the charges was held on April 6, 2004, at which defendant was present with counsel. Trial was set for May 3, 2004, but was later continued to June 8, 2004.
 {¶ 3} On April 10, 2004, defendant was again arrested and jailed, where he remained throughout the subsequent proceedings.
 {¶ 4} On April 14, 2004, in common pleas court case No. 04CR-04-2496, an indictment was filed charging defendant with one count of fourth-degree felony receiving stolen property, related to a motor vehicle, in violation of R.C. 2913.51. The offense was alleged to have occurred on or about February 25, 2004.
 {¶ 5} On April 19, 2004, in common pleas court case No. 04CR-04-2592, an indictment was filed charging defendant with two counts of receiving stolen property, involving a motor vehicle and a license plate, in violation of R.C. 2913.51. The offense pertaining to the motor vehicle was charged as a fourth-degree felony, and the offense pertaining to the license plate was charged as a fifth-degree felony. Both offenses allegedly occurred on or about April 10, 2004.
 {¶ 6} On June 8, 2004, a plea hearing was held before the trial court in defendant's three cases then pending. Defendant entered guilty pleas as follows: (1) in case No. 04CR-01-452, defendant pled guilty to a fifth-degree felony of receiving stolen property, a stipulated lesser included offense of the charged theft offense; (2) in case No. 04CR-04-2496, defendant pled guilty to a fifth-degree felony of receiving stolen property, a lesser included offense of the fourth-degree felony offense charged; and (3) in case No. 04CR-04-2592, defendant pled guilty to two counts of receiving stolen property, one a fifth-degree felony and the other a first-degree misdemeanor, as stipulated lesser included offenses of the two charged offenses. Upon accepting defendant's guilty pleas, the trial court ordered a presentence investigation and scheduled sentencing for August 6, 2004.
 {¶ 7} In the interim, on July 8, 2004, a fourth indictment was filed against defendant, this time in common pleas court case No. 04CR-07-4561, charging defendant with one fourth-degree felony count of receiving stolen property, a motor vehicle, in violation of R.C. 2913.51, and one count of possessing criminal tools in violation of R.C. 2923.24, a fifth-degree felony. The offenses allegedly occurred on or about March 28, 2004. Trial on the charges was set for August 6, 2004. On the date set for trial, defendant entered a plea of guilty to a fifth-degree felony of receiving stolen property, a stipulated lesser included offense of the receiving stolen property count in the underlying indictment; the other count was dismissed.
 {¶ 8} The sentencing hearing in defendant's four cases began on August 6, 2004 and concluded on August 9, 2004, with the court imposing the following sentences: (1) six months imprisonment in case No. 04CR-01-452; (2) eight months imprisonment in case No. 04CR-04-2596; (3) 11 months imprisonment in case No. 04CR-04-2592; and (4) 11 months imprisonment in case No. 04CR-07-4561. The court ordered that the sentences be served consecutively, resulting in an aggregate term of three years imprisonment, less the total jail time already served for the offenses.
 {¶ 9} Defendant asserts the sentence imposed must be vacated because the trial court failed to make all the requisite findings under R.C.2929.13(B) in imposing the prison terms upon defendant for his fifth-degree felony convictions. Defendant does not take issue with the court's order that defendant's sentences be served consecutively pursuant to R.C. 2929.14(E)(4).
 {¶ 10} An appellate court will not disturb a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or the sentence is contrary to law.State v. Maxwell, Franklin App. No. 02AP-1271, 2004-Ohio-5660, citingState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 10; R.C.2953.08(G)(2). "In determining whether a sentence is contrary to law, an appellate court reviews the record to determine whether the trial court considered the appropriate factors, made the required findings, gave the necessary reasons for its findings, and properly applied the statutory guidelines." Maxwell, at ¶ 27, citing State v. Altalla, Franklin App. No. 03AP-1127, 2004-Ohio-4226, ¶ 7, discretionary appeal not allowed,104 Ohio St.3d 1427, 2004-Ohio-6585.
 {¶ 11} For a fifth-degree felony, the prison term authorized by statute is six, seven, eight, nine, ten, eleven, or twelve months. R.C.2929.14(A)(5). Pursuant to R.C. 2929.14(B), the trial court is to impose the shortest prison term authorized for the offense unless (1) the offender was serving a prison term at the time of the offense or had previously served a prison term, or (2) the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender.
 {¶ 12} In sentencing an offender who commits a fifth-degree felony, the trial court first determines whether any of the nine factors enumerated in R.C. 2929.13(B)(1) are present. State v. Aliane, Franklin App. No. 02AP-986, 2003-Ohio-2022, ¶ 27. If the trial court finds that any of the R.C. 2929.13(B)(1) factors apply, the court then considers the factors set forth in R.C. 2929.12, concerning the seriousness of the offense and the likelihood of the offender's recidivism, to determine if a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. See R.C. 2929.13(B)(2)(a). R.C.2929.11 provides that the overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. If the trial court finds that (1) a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, and (2) the offender is not amenable to a community control sanction, the court "shall impose a prison term upon the offender." R.C.2929.13(2)(B)(a); see, also, Aliane, supra.
 {¶ 13} Even if the trial court does not find that an R.C. 2929.13(B)(1) factor applies, the trial court has the authority and retains broad discretion to impose a prison term if the court considers the seriousness and recidivism factors contained in R.C. 2929.12 and finds that a prison sentence, rather than community control, is warranted. Aliane, supra;State v. Baird, Hocking App. No. 02CA24, 2003-Ohio-1055, ¶ 12; State v.Beckman, Butler App. CA2003-02-033, 2003-Ohio-5003, ¶ 12; State v.Jones (Nov. 4, 1999), Franklin App. No. 99AP-72; State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, jurisdictional motion overruled (1998), 81 Ohio St.3d 1443.
 {¶ 14} When imposing a sentence greater than the authorized minimum sentence, a trial court is not required under R.C. 2929.14(B) to give its reasons for finding that a minimum sentence would demean the seriousness of the offender's conduct or would fail to adequately protect the public from future crimes of the offender. However, R.C. 2929.19(B)(2)(a) requires a trial court imposing a sentence of imprisonment for a fifthdegree felony to "make a finding that gives its reasons for selecting the sentence imposed." See, also, Comer, supra (noting the same requirement applies pursuant to R.C. 2929.19[B][2][c] when consecutive sentences are imposed under R.C. 2929.14). The court's reasons for imposing a prison term must be based on the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11 and upon any R.C. 2929.13(B)(1) factors the court has found applicable. See State v.Edmonson (1999), 86 Ohio St.3d 324, 326.
 {¶ 15} At the sentencing hearing in this case, after stating the length of the prison term it was imposing for each conviction, the trial court stated that defendant was not being given the minimum sentence for some of his offenses and was being given consecutive sentences. The court first noted it was imposing the non-minimum, consecutive sentences in part because defendant had prior convictions for driver's license violations and domestic violence, the latter having resulted in probation that was revoked due to defendant's noncompliance, and defendant had committed other offenses involving obstruction and/or disorderly conduct while the instant offenses were pending. The court then noted that with regard to the instant offenses, defendant committed four car thefts in a period of four months, observing that the three subsequent offenses all occurred after the indictment in the first of the four cases on appeal. Considering the principles of sentencing, the court found a likelihood of recidivism, noting that it appeared defendant's activities would continue unless defendant was sentenced to terms that are greater than the minimum and are consecutive. The court further concluded under the seriousness factors that the harm caused by the string of offenses was great and unusual. Given the nature of defendant's offenses and his history and character, the trial court concluded a minimum sentence and a single prison term would demean the seriousness of defendant's conduct and not adequately protect the public from future crime.
 {¶ 16} Defendant's sentences are not contrary to law, as the trial court complied with the dictates of the above-discussed sentencing statutes. Initially, one of the factors set forth in R.C. 2929.13(B)(1) was present: although not expressly identifying the applicable factor by its statutory designation, the court concluded defendant committed the subsequent motor vehicle receiving stolen property offenses while the first indictment was pending and defendant was out of jail on bond. See R.C. 2929.13(B)(1)(h). Further, the trial court noted exactly why he so concluded, referring to the order of events in defendant's string of indictments. Because the trial court set forth its reasons for its finding under R.C. 2929.13(B)(1), it thus complied with the provisions of R.C. 2929.14(B)(2)(a) that require stated reasons for the sentence imposed.
 {¶ 17} Regardless whether the trial court explicitly found one of the factors in R.C. 2929.13(B)(1), the trial court appropriately considered the seriousness and recidivism factors in the context of the purposes and principles of sentencing set forth in R.C. 2929.11. Exercising its authority and broad discretion, the court specifically noted that a prison term was necessary to protect the public from future crime and to punish the offender. The court supported its conclusions with facts regarding defendant's history of committing other offenses while on community control and his string of additional offenses while he was under indictment in the first of the four cases subject of defendant's appeal.
 {¶ 18} Lastly, although the trial court was not required to set forth reasons under R.C. 2929.14(B) in support of imposing greater than the minimum sentence under R.C. 2929.14(B), the trial court made the required findings under R.C. 2929.14(B)(2) that a minimum sentence and a single prison term would demean the seriousness of defendant's conduct and not adequately protect the public from future crime.
 {¶ 19} The court's findings, supported by the record, sufficiently satisfy the requirements of R.C. 2929.13(B), as well as R.C. 2929.14(B). Accordingly, we overrule defendant's single assignment of error and affirm the judgments in the four cases consolidated in this appeal.
Judgments affirmed.
Petree and Christley, JJ., concur.
Christley, J., retired, of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District, pursuant to Section 6(C), Article IV, Ohio Constitution.