DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on a judgment on a guilty plea entered by the Wood County Court of Common Pleas, wherein, appellant, Frank Curry, was convicted of a single count of receiving stolen property, in violation of R.C. 2913.51 as a felony of the fifth degree, and was sentenced to serve a term of imprisonment of 11 months at the Ohio Department of Rehabilitation and Corrections. For the reasons that follow, we affirm.
{¶ 2} Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. The United States Supreme Court held in Anders that if counsel, following a conscientious examination of his case, finds the case to be wholly frivolous, he should advise the court of such finding and request permission to withdraw. Id. at 744; see also, State v. Duncan (1978), 57 Ohio App.2d 93. Along with the request to withdraw, counsel must submit a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also provide a copy of the brief to his client, and must do so within such time as would allow the client the opportunity to raise any matters he chooses. Id. Once these requirements have been satisfied, the appellate court must conduct a full examination of the proceedings to determine whether the appeal is, in fact, wholly frivolous. Id. If the appellate court finds in the affirmative, it may grant counsel's request to withdraw and may dismiss the appeal without violating federal requirements, or it may proceed to a decision on the merits if state law so requires. Id. On the other hand, if the appellate court finds any legal point to be arguable on its merits, the court must afford the indigent the assistance of counsel to argue the appeal. Id.
{¶ 3} Counsel in the instant case has filed a request to withdraw together with a brief identifying appellant's sentence as the lone aspect of the judgment that could arguably support the appeal. Counsel further states that after reviewing the transcript of the case and the pre-sentence investigation report and after researching case law and statutes relating to potential issues disclosed by the record she was unable to find any arguable, non-frivolous appealable issues. In addition, counsel states that she mailed a copy of her brief and request to withdraw to appellant so that appellant could submit his own brief in accordance with the principles set forth in Anders.
{¶ 4} Because appellant's counsel has satisfied the Anders
requirements, we proceed to an examination of the record below in order to determine whether this appeal is, as appellant's counsel represents, entirely frivolous.[1]
{¶ 5} Appellant's counsel sets forth in her brief the following proposed assignment of error: "Was the sentence properly imposed on the Defendant/Appellant?"
{¶ 6} As indicated above, appellant received a sentence of 11 months incarceration for the crime of receiving stolen property. On October 22, 2004, the trial court journalized a judgment entry that specifically delineated the reasons for the sentence.
{¶ 7} Because appellant's offense is a fifth degree felony, there is a presumption against imprisonment. See R.C. 2929.13. Before such a sentence can be imposed, however, a trial court must consider certain factors, beginning with those enumerated at R.C. 2929.13(B)(1), in order to determine whether the presumption is overcome.
{¶ 8} In the instant case, the trial court found that two of the R.C.2929.13(B)(1) factors applied to appellant, because: (1) he previously served a prison term (R.C. 2929.13(B)(1)(g)); and (2) the offense was committed while appellant was under a community control sanction (R.C.2929.13(B)(1)(h)).
{¶ 9} The relevant version of R.C. 2929.13(B)(2)(a) provides that "if the court makes a finding described in division [(B)(1)(a) through (i) of this section], and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."[2] R.C. 2929.12 lists recidivism and seriousness factors.
{¶ 10} Although the court specifically found at appellant's sentencing hearing that there was nothing about the defendant's crime that made the offense any more serious and in fact, because there was no physical harm or anticipated harm to a person, the offense was found to be of the less serious variety — there was much to indicate a continuing problem with recidivism. First, the court pointed to appellant's three previous prison terms. See R.C. 2929.12 (D)(2) (dealing with prior convictions). Next, the court noted that appellant was under a community control sanction at the time the offense was committed and, further, that appellant had failed in the past to respond to probation or parole. See R.C.2929.12(D)(1), (2), (3) (dealing respectively with offenses committed during periods of post-release control, offenders with a history of criminal convictions, and offenders who have not responded favorably to sanctions previously imposed for criminal convictions.)
{¶ 11} The court additionally noted at the sentencing hearing that, despite numerous attempts to elicit appellant's cooperation, appellant had utterly failed to comply with the trial court's order that he meet with the probation department for pre-sentence investigation. The trial court also mentioned the fact that appellant had behaved similarly disrespectfully in four other courts, in four other jurisdictions.
{¶ 12} Finally, the court stated in its judgment entry that "[f]or reasons stated on the record, and after consideration of any additional relevant factors and the recidivism and seriousness factors under R.C.2929.12, the Court finds that a prison term is consistent, based upon the overriding purposes and principles of sentencing set forth in R.C. 2929.11. Further, the Court finds the Defendant is not amenable to any available community control sanction."
{¶ 13} On the basis of the foregoing, it is this court's conclusion that the appellant's sentence of 11 months incarceration was imposed pursuant to and in accordance with the Ohio Revised Code sentencing guidelines, and was, therefore, appropriate. Accordingly, we find that counsel for appellant correctly determined that there was no meritorious appealable issue present in this case concerning appellant's sentence.
{¶ 14} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well taken and is hereby granted. The judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, the costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., Concur.
[1] We note that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw.
[2] R.C. 2929.11 relevantly provides:
"(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
"(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
"(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."