OPINION
{¶ 1} Defendant-Appellant, Timothy G. Kelley, appeals from the July 1, 2004 judgment entry of the Franklin County Court of Common Plea convicting him of trafficking in marijuana, in violation of R.C. 2925.03, a felony of the fifth degree. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} This case arises from events that occurred on March 25, 2003. A narcotics detective purchased 54.9 grams of marijuana from the defendant for $300. The sale took place at defendant's residence. On December 8, 2003, the defendant was indicted on one count of trafficking in marijuana, in violation of R.C. 2925.03, a felony of the fourth degree. On April 28, 2004, the defendant withdrew his previously entered plea of not guilty and entered a plea of guilty to the stipulated lesser-included offense of trafficking in marijuana, a felony of the fifth degree. On June 29, 2004, a sentencing hearing was held pursuant to R.C. 2929.19. The trial court sentenced the defendant to six months' incarceration and suspended the defendant's driver's license for six months without occupational driving privileges. The trial court also ordered the defendant to pay restitution in the amount of $300 to the Columbus Police Department. It is from this entry that the defendant appeals, assigning the following as error:
The accused's due process rights are violated under Section 10, ArticleI of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, when the trial court abuses its discretion in giving Appellant a prison sentence without properly considering the factors set forth in Ohio Revised Code §§ 2929.11, 2929.12, 2929.13 and2929.19(B)(2)(a), or by making incorrect determinations of fact in considering the same statutory factors.
 {¶ 3} In his sole assignment of error, the defendant argues that his six-month sentence was an abuse of discretion and in violation of his due process rights. Specifically, the defendant avers that he meets the factors favoring community control and not imprisonment. The defendant also maintains that the trial court failed to make the proper statutory determinations pursuant to R.C. 2929.11, 2929.12, 2929.13 and2929.19(B)(2)(a) and failed to make correct factual determinations.
 {¶ 4} The defendant brings this appeal as a matter of right under R.C. 2953.08(A)(2) and (4). Pursuant to R.C. 2953.08(A)(2), a defendant may appeal a prison sentence imposed for a fifth degree felony only if "the court did not specify at sentencing that it found one or more factors specified in division (B)(1)(a) to (i) of section 2929.13 * * * to apply relative to the defendant." One of those factors is whether "[t]he offender committed the offense for hire or as part of an organized criminal activity." R.C. 2929.13(B)(1)(e).
 {¶ 5} Before imposing sentence on the defendant, the trial court noted that, pursuant to the recommendation in the pre-sentence investigation report ("PSI"), the defendant's offense was committed for hire or as part of an organized criminal activity; i.e., the sale of marijuana. Because the trial court identified that R.C. 2929.13(B)(1)(g) applied to the defendant, review of defendant's sentence is precluded. See State v.Riley (Dec. 14, 2001), Hamilton App. No. C-010221, appeal not allowed (2002), 94 Ohio St.3d 1507; see, also, State v. Battiste (Mar. 14, 2002), Cuyahoga App. No. 79852.
 {¶ 6} Thus, we move to the appeal of right of a sentence that is "contrary to law" pursuant to R.C. 2953.08(A)(4). A sentence "contrary to law" includes a sentence rendered with findings and reasons devoid of evidentiary support. State v. Legg, Franklin App. No. 04AP-258, 2005-Ohio-581, citing State v. Altalla, Franklin App. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7 (a sentence is "contrary to law" if the trial court: [1] failed to properly apply the felony sentencing guidelines; [2] failed to consider the appropriate statutory factors; [3] failed to make the requisite statutory findings and reasons supporting such findings; or [4] made findings and reasons devoid of evidentiary support.) This court may modify the sentence upon clearly and convincingly finding that the record does not support the sentence, the sentence erroneously includes a prison term, or the sentence is contrary to law. R.C. 2953.08(G)(1)(a)-(d). Thus, we have jurisdiction to review appellant's claim that the trial court failed to properly consider R.C. 2929.11, 2929.12, 2929.13, and2929.19(B)(2)(a) when imposing the sentence.
 {¶ 7} Upon appeal of a sentence under R.C. 2953.08, an appellate court must review the PSI report, the trial record and any oral or written statements made to or by the court at the sentencing hearing when the sentence was imposed. R.C. 2953.08(F)(1)-(3). See, also, R.C.2929.19(B)(1).
 {¶ 8} R.C. 2929.11 requires that the sentencing judge be guided by "the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. R.C. 2929.11(A). Accordingly, the trial court's sentence should be reasonably calculated to achieve these purposes, mindful of the seriousness of the offender's conduct and its impact upon the victim, and consistent with other sentences imposed for similar conduct by similar offenders. R.C.2929.11(B).
 {¶ 9} R.C. 2929.13(B) governs the sentencing of an offender convicted of a fifth degree felony. The trial court is required to impose a prison sentence if the trial court finds: (1) that any of the nine factors enumerated in R.C. 2929.13(B)(1) apply, State v. Aliane, Franklin App. No. 02AP-986, 2003-Ohio-2022, ¶ 27; (2) that, upon consideration of the seriousness and recidivism factors set forth in R.C. 2929.12, a prison term is consistent with the purposes and principles of sentencing as set forth in R.C. 2929.11; and (3) that the offender is not amenable to available community control sanctions. R.C. 2929.13(B)(2)(a). Whenever the trial court imposes a prison sentence for a fifth degree felony, it must make a finding on the record giving its reasons for selecting the sentence imposed. R.C. 2929.19(B)(2)(a); State v. Comer (2003),99 Ohio St.3d 463. The trial court's reasons for imposing a prison term must be based on the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11 and upon any R.C. 2929.13(B)(1) factors the court has found applicable. See State v. Edmonson (1999),86 Ohio St.3d 324.
 {¶ 10} On the other hand, community control is mandatory if the trial court does not find the existence of any one of the nine enumerated factors set forth in R.C. 2929.13(B)(1), and finds that, after considering the seriousness and recidivism factors of R.C. 2929.12, community control is consistent with the principles and purposes of sentencing in R.C. 2929.11. R.C. 2929.13(B)(2)(b).
 {¶ 11} Even if the trial court does not find that any R.C. 2929.13(B)(1) factors apply, the trial court has the authority and retains broad discretion to impose a prison term if the court considers the seriousness and recidivism factors contained in R.C. 2929.12 and finds that a prison sentence, rather than community control, is warranted. Aliane, supra;State v. Baird, Hocking App. No. 02CA24, 2003-Ohio-1055, ¶ 12; State v.Beckman, Butler App. CA2003-02-033, 2003-Ohio-5003, ¶ 12; State v.Jones (Nov. 4, 1999), Franklin App. No. 99AP-72; State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, jurisdictional motion overruled (1998), 81 Ohio St.3d 1443.
 {¶ 12} In the case sub judice, we conclude that the trial court properly sentenced the defendant to prison and, moreover, adequately gave its reasons for imposing incarceration rather than a community control sanction. The trial court made a finding under R.C. 2929.13(B)(1)(e) that the "offense was committed for hire or as part of an organized criminal activity." Therefore, pursuant to R.C. 2929.13(B)(2)(a), the trial court was required to impose a prison sentence.
 {¶ 13} Additionally, the judgment entry reflected that the trial court did balance the seriousness and recidivism factors outlined in R.C. 2929.12
prior to imposing a prison sentence. Specifically, the record reveals that the trial court, pursuant to the PSI, found that the defendant committed the offense for hire or as part of an organized criminal activity. This would indicate that the conduct is more serious than conduct normally constituting the offense, R.C. 2929.12(B)(7), even though one of the relevant factors indicating less serious offense was applicable (the offender did not cause or expect to cause physical harm to persons or property) R.C. 2929.12(C)(3).
 {¶ 14} Additionally, the trial court found that several factors existed which tended to show a substantial likelihood of recidivism. The court noted that the defendant had a criminal history. R.C. 2929.12(D)(2). (June 29, 2004 Tr., at 3-4, 6.) The trial court also recognized that the defendant failed to respond favorably to sanctions previously imposed in adult court and failed to acknowledge a pattern of drug or alcohol abuse or refuses treatment that is related to the offense. R.C. 2929.12(D)(3) and (4). The defendant also shows no genuine remorse for the offense, R.C. 2929.12(D)(5). The record also reflects that the trial court considered the possibility of community control and determined that the defendant was not amenable to those sanctions. (June 29, 2004 Tr., at 4, 7.)
 {¶ 15} Based on these findings, the trial court found that a prison term of six months was consistent with the purposes of R.C. 2929.11. The sentence imposed by the trial court is consistent with these principles and the statutory requirements. The defendant's sentence is not contrary to law. Imposing the minimum sentence of six months, rather than community control sanctions, was proper, where the trial court found that "a prison term is consistent with the purposes and principles of the sentencing statutes" and that the defendant "is not amenable to available community control sanctions[.]" (June 29, 2004 Tr., at 4.) Accordingly, we find that the trial court applied the statutory guidelines and stated its reasons on the record for the sentence it imposed. R.C. 2929.19(B)(2).
 {¶ 16} After reviewing the record and the applicable statutory provisions, this court clearly and convincingly finds that, under R.C.2953.08(A)(4), the record substantiates the trial court's sentence of defendant. As such, the defendant's sole assignment of error is overruled.
 {¶ 17} For the foregoing reasons, defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
French and McGrath, JJ., concur.