OPINION
{¶ 1} This is an appeal by defendant-appellant, Walter L. Shannon, III ("appellant"), from the judgment of the Franklin County Court of Common Pleas, in which that court sentenced appellant to concurrent terms of ten months in prison for each of two fifth-degree felonies.
 {¶ 2} Following his arrest on December 14, 2002, appellant was indicted in case No. 02CR-7451 for two counts of receiving stolen property ("RSP") and one count of possession of criminal tools, all felonies of the fifth degree. On January 6, 2003, while out on a recognizance bond, appellant was again arrested and was later indicted in case No. 03CR-306 for one count of theft, one count of RSP and one count of possession of criminal tools.
 {¶ 3} On May 8, 2003, appellant pled guilty, in case No. 02CR-7451, to the stipulated lesser included offense of RSP, a misdemeanor of the first degree, and also pled guilty, in case No. 03CR-306, to one count of RSP, a felony of the fifth degree. The court accepted appellant's guilty pleas, ordered a pre-sentence investigation ("PSI") and set both cases for disposition on June 26, 2003. Appellant failed to appear for sentencing and, as a result, was indicted in case No. 03CR-5391 for one count of failure to appear, a felony of the fourth degree. Appellant later pled guilty to the stipulated lesser included offense of attempted failure to appear, a felony of the fifth degree.
 {¶ 4} On March 17, 2005, the trial court imposed a sentence of ten months of imprisonment in case No. 03CR-306, for the fifth-degree felony RSP, and imposed a concurrent sentence of ten months in case No. 03CR-5391, for the fifth-degree felony attempted failure to appear. The court imposed a sentence of six months of imprisonment in case No. 02CR-7451, but suspended the sentence; that sentence is not the subject of this appeal.
 {¶ 5} The transcript of the sentencing hearing reveals that the trial court acknowledged that the PSI disclosed that appellant had never before served a prison term. The court explained that the ten-month sentence in case No. 03CR-5391, "* * * is based upon the fact that the conduct of Mr. Shannon is one that does not inspire confidence as far as allowing community control to be imposed, in that while awaiting sentencing on [case No. 03CR-] 306, Mr. Shannon simply did not appear. To me that is a strong sign that he is not amenable to community control." (Mar. 17, 2005 Tr., 13-14.)
 {¶ 6} The court went on to state, "[i]t was for that reason that the sentence was imposed on both of these cases, the sentences that were imposed today, with the court having knowledge of the misconduct that caused the delay in sentencing, for whatever that is worth." Id. at 14.
 {¶ 7} Appellant timely appealed his sentence and asserts three assignments of error for our review:
First Assignment of Error: The trial court failed to make findings required: (1) to support the imposition of a term of imprisonment for the fifth degree felony offense of receiving stolen property when community control was presumed; and (2) supporting imposition of more than the minimum term of imprisonment for a person not previously incarcerated.
Second Assignment of Error: The trial court failed to make findings required: (1) to support the imposition of a term of imprisonment for the fifth degree felony offense of attempted failure to appear on recognizance when community control was presumed; and (2) supporting imposition of more than the minimum term of imprisonment for a person not previously incarcerated.
Third Assignment of Error: A sentence of imprisonment when community control is presumed, and imposition of more than the minimum sentences when the defendant had not previously been imprisoned, based on facts not found by a jury nor admitted by the defendant, violated appellant's right to trial by jury as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 8} We begin by noting that an appellate court will not disturb a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or the sentence is contrary to law. State v.Maxwell, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, citingState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473; R.C. 2953.08(G)(2). "In determining whether a sentence is contrary to law, an appellate court must review the record to determine whether the trial court considered the appropriate statutory factors, made the required findings, gave the reasons for its findings, and properly applied the statutory guidelines."Maxwell, supra, at ¶ 27, citing State v. Altalla, 10th
Dist. No. 03AP-1127, 2004-Ohio-4226, discretionary appeal not allowed, 104 Ohio St.3d 1427, 2004-Ohio-6585, 819 N.E.2d 710.
 {¶ 9} In support of his first and second assignments of error, appellant raises two arguments. First, he argues that there is a presumption of community control for felonies of the fifth degree, and that the trial court failed to make the required findings when it sentenced appellant to terms of imprisonment instead of community control. Second, appellant argues, and plaintiff-appellee, State of Ohio ("appellee"), concedes that the trial court erred in imposing more than the minimum prison term without making the findings required when a non-minimum sentence is imposed upon a defendant who has never before served a prison term.
 {¶ 10} We begin with a discussion of appellant's first argument. Section 2929.13(B) of the Ohio Revised Code governs the sentencing of an offender convicted of a fifth degree felony. We hasten to note that this court has previously held that "R.C.2929.13(B) does not create a presumption that an offender whocommits a fourth or fifth degree felony be sentenced to communitycontrol." State v. Jones (Nov. 4, 1999), 10th Dist. No. 99AP-72, 1999 Ohio App. LEXIS 5153, at *2. (Emphasis added.)[1]
 {¶ 11} There are two means by which a sentencing court may impose a prison term upon an offender, such as appellant, who has been convicted of a fifth degree felony. First, the court must determine whether any of the factors enumerated in R.C.2929.13(B)(1)[2] apply. "If the sentencing court finds that any of the R.C. 2929.13(B)(1) factors apply, then it must proceed to consider the factors set forth in R.C. 2929.12, concerning the seriousness of the offense, the recidivist nature of the offender, and whether a prison term is consistent with the purposes and principles of sentencing as set forth in R.C.2929.11. R.C. 2929.13(B)(2)(a)." State v. Fincher (Oct. 14, 1997), 10th Dist. No. 97APA03-352, 1997 Ohio App. LEXIS 4623, at *7, jurisdictional motion overruled (1998),81 Ohio St.3d 1443, 690 N.E.2d 15.
 {¶ 12} The purposes and principles of felony sentencing set forth in R.C. 2929.11 are as follows:
(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.
 {¶ 13} "If the trial court finds one or more of the factors under R.C. 2929.13(B)(1) to be present, and after considering the seriousness and recidivism factors set forth in R.C. 2929.12
finds that a prison term is consistent with the overriding purposes of felony sentencing, and further finds that the offender is not amenable to an available community control sanction, the court is required to impose a prison term. R.C. 2929.13(B)(2)(a)." Fincher, supra, at * 7.
 {¶ 14} In the present case, the record supports a finding that R.C. 2929.13(B)(1)(h) applies to the conviction in 03CR-5391, since appellant committed that offense — attempted failure to appear — while released from custody on a bond. However, as appellee pointed out in its brief, the trial court did not expressly make a finding that this factor applied, and when the court mentioned the fact that appellant failed to appear for sentencing, it did so with specific reference to the court's finding of non-amenability to community control sanctions. Therefore, we agree with appellee that we cannot conclude with certainty that the trial court made a finding that R.C.2929.13(B)(1)(h) was relevant to its sentencing decision.
 {¶ 15} When the court does not make a finding that any of the factors under R.C. 2929.13(B)(1) applies, it may impose a prison term if, after considering the seriousness and recidivism factors contained in R.C. 2929.12, the court finds that a prison sentence, rather than community control, is warranted. State v.Kelley, 10th Dist. No. 04AP-694, 2005-Ohio-3620, ¶ 11;State v. Chandler, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 13.
 {¶ 16} If, on the other hand, the court does not find any of the eight enumerated factors in R.C. 2929.13(B)(1) are present, and finds that a community control sanction is consistent with the overriding purposes of felony sentencing, the court is required to impose a community control sanction. R.C.2929.13(B)(2)(b).
 {¶ 17} Pursuant to R.C. 2929.19(B), if a court imposes a prison term for a felony of the fourth or fifth degree, as the trial court did in the instant case, the court "* * * shall make a finding that gives its reasons for selecting the sentence imposed * * * based upon the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender." R.C. 2929.19(B)(2)(a). See, also,Chandler, supra, at ¶ 14.
 {¶ 18} The Supreme Court of Ohio has held that when a statute expressly requires the trial court to make a "finding," the requirement is not satisfied unless the trial court notes that it engaged in the required analysis and that it imposed the sentence for a statutorily sanctioned reason. State v. Edmonson (1999),86 Ohio St.3d 324, 326, 715 N.E.2d 131.
 {¶ 19} In the present case, the trial court explicitly stated that appellant was not amenable to community control sanctions, and supported this conclusion with specific facts, noting that appellant failed to appear for sentencing while free on bond following his guilty pleas in case Nos. 02CR-7451 and 03CR-306. In its judgment entry, the trial court stated that it hadconsidered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. However, the court made no finding, either at the sentencing hearing or in its judgment entry, that "a prison term is consistent with the purposes and principles of sentencing[,]" as required by R.C. 2929.19(B)(2)(a). See supra ¶ 17.
 {¶ 20} In accordance with the mandate of R.C.2929.19(B)(2)(a), this court has previously held that such a finding is required when a trial court sentences an offender to a prison term for a fifth-degree felony conviction. "R.C.2929.19(B)(2)(a) requires that the trial court specify thatprison is consistent with the purposes and principles ofsentencing and that the offender is not amenable to community control. Without specifying [both of] those findings, this court cannot presume from the record that the trial court engaged in the required analysis or that it made the necessary findings under R.C. 2929.13." State v. Price (Dec. 31, 2001), 10th
Dist. No. 00AP-1434, 2001 Ohio App. LEXIS 5990, at *16. (Emphasis added.) "The trial court was not required to pronounce talismanic words to comply with the guidelines and factors for sentencing. However, it must be clear from the record that the trial court made the required statutory findings under R.C. 2929.13(B)." Id. at *15.
 {¶ 21} In the instant case, because the trial court made no finding that a prison term is consistent with the purposes and principles of sentencing, we conclude that the trial court did not adhere to the applicable statutory requirements when imposing a term of imprisonment, rather than an available community control sanction, for appellant's fifth-degree felony convictions. Accordingly, the record does not clearly and convincingly support the prison term imposed, and the sentence is otherwise contrary to law and must be vacated. See R.C.2953.08(G)(2)(a) and (b). See, also, State v. Abbington, (Aug. 8, 2000), 10th Dist. No. 99AP-1337. On remand, the trial court is free to consider the entire range of available sentences, including both imprisonment and community control. However, the sentence must be imposed after compliance with the pertinent statutes.
 {¶ 22} Appellant's second argument in support of his first and second assignments of error is that the trial court erred in imposing non-minimum sentences. Our determination that the record fails to support the trial court's imposition of prison, as opposed to community control, renders the second issue moot. However, it is undisputed that appellant had never before served a prison term, and the record reveals — and appellee concedes — that the trial court did not make the requisite record findings to support the non-minimum sentences. See R.C. 2929.14(B); Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraph two of the syllabus.
 {¶ 23} For all of the foregoing reasons, appellant's first and second assignments of error are sustained.
 {¶ 24} In support of his third and final assignment of error, appellant argues that the statutes pursuant to which the trial court sentenced him to terms of imprisonment, and to more than the minimum prison terms for his fifth-degree felonies, violate his right to a trial by jury secured under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. He relies upon the decisions of the United States Supreme Court in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, rehearing denied,159 L.Ed.2d 851, 125 S.Ct. 21 and United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621.
 {¶ 25} In the case of Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. A sentence that is greater than the statutory maximum and that is not based upon facts admitted by the defendant or found by a jury beyond a reasonable doubt, violates the defendant's right to a trial by jury as guaranteed by the Sixth Amendment to the United States Constitution. Id. at 476. See, also, Jones v.United States (1999), 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311.
 {¶ 26} In Blakely, supra, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may impose solely on the basis of thefacts reflected in the jury verdict or admitted by thedefendant." Id. at 2537. (Emphasis sic.)
 {¶ 27} We reject appellant's Blakely-based argument. In the case of State v. Abdul-Mumin, Franklin App. No. 04AP-485,2005-Ohio-522, discretionary appeal allowed, 106 Ohio St.3d 1411,2005-Ohio-3154, 830 N.E.2d 344, we held:
Ohio's sentencing scheme does not encroach upon the traditional and constitutionally required role of the jury in finding those facts that fix the upper limit of a defendant's punishment for a particular offense. Rather, the upper limit, or in Blakely
terms, the "statutory maximum" sentence to which one accused of a felony knows he will be exposed upon walking through the courtroom door, is established by statute. R.C. 2929.14(B) does not allow judge-made findings to enhance a defendant's punishment beyond the maximum sentence corresponding to the class of offense of which he is convicted or to which he pleads guilty. * * *
Id. at ¶ 12.
 {¶ 28} In the case of United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, the United States Supreme Court recently reaffirmed the syllabus of Apprendi but also held, "when a trial judge exercises his [or her] discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Id. at 750.
 {¶ 29} In the present case, appellant pled guilty to two felonies of the fifth degree. The guilty plea authorized a sentence of six to 12 months of imprisonment for each count. R.C.2929.14(A)(5). Appellant argues that because there is a "presumption" for community control applicable to his convictions, the "statutory maximum" is a sentence of community control sanctions. However, as we noted supra, at ¶ 10, this appellate district has rejected the notion that R.C. 2929.13(B) establishes a presumption in favor of community control for fifth-degree felonies.
 {¶ 30} Thus, pursuant to R.C. 2929.14(A)(5), and Blakely
and Abdul-Mumin, 12 months was the "statutory maximum" forApprendi purposes for each count to which appellant pled guilty. The trial court imposed a sentence of ten months as to each count, which is below the 12-month "statutory maximum." Thus, appellant's sentence did not run afoul of Blakely andApprendi, and did not violate his right to a trial by jury. Accordingly, his third assignment of error is not well-taken and is overruled.
 {¶ 31} For all of the foregoing reasons, appellant's first and second assignments of error are sustained, his third assignment of error is overruled, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment affirmed in part; reversed in part, and causeremanded.
Brown and Petree, JJ., concur.
[1] Accord, State v. Scheer, 158 Ohio App.3d 432,2004-Ohio-4792, 816 N.E.2d 602 (4th Dist.); State v.Chandler, 8th Dist. No. 81922, 2003-Ohio-3529; State v.Sims (Dec. 9, 1998), 9th Dist. No. 19018; State v. Painter
(Mar. 29, 2002), 11th Dist. No. 2000-A-0093; State v. Amos,
12th Dist. No. CA2001-09-205. Contra, State v. Crump,
3rd Dist. No. 8-04-24, 2005-Ohio-4451; State v. Hall (Feb. 28, 2000), 5th Dist. No. 1999CA00264; State v. Curry,
6th Dist. No. WD-04-074, 2005-Ohio-2683; State v. Marcum,
7th Dist. No. 02 CO 72, 2003-Ohio-6391.
[2] The factors listed in R.C. 2929.13(B)(1) are as follows:
(a) In committing the offense, the offender caused physical harm to a person.
(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
(d) The offender held a public office or position of trust and the offense related to that office or position; * * *
(e) The offender committed the offense for hire or as part of an organized criminal activity.
(f) The offense is a sex offense that is a fourth or fifth degree felony * * *.
(g) The offender previously served a prison term.
(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
(i) The offender committed the offense while in the possession of a firearm.