OPINION
{¶ 1} Defendant-appellant, Jackie R. Webb ("appellant") appeals from the January 24, 2006 judgment of the Franklin County Court of Common Pleas, in which that court sentenced appellant to a term of imprisonment of 17 months following appellant's plea of guilty to one count of aggravated assault in violation of R.C.2903.12, a felony of the fourth degree.
 {¶ 2} On October 11, 2005, the Franklin County Grand Jury indicted appellant for one count of rape in violation of R.C.2907.02, a felony of the first degree, and one count of attempted rape in violation of R.C. 2923.02, a felony of the second degree. The indictment arose out of an incident that occurred on August 27, 2005, in which appellant allegedly sexually assaulted his son's girlfriend, who, along with appellant's son, was residing in appellant's home at the time.
 {¶ 3} On November 21, 2005, appellant entered a plea of guilty to one count of aggravated assault, a felony of the fourth degree, as a stipulated lesser included offense of the charge of rape in Count One of the indictment. At the request of plaintiff-appellee, State of Ohio ("appellee"), the trial court entered a nolle prosequi as to count two of the indictment. The entry of guilty plea was journalized on November 22, 2005. The appellate record does not contain a transcript of the plea hearing.
 {¶ 4} The appellate record does, however, contain the presentence investigation report. The report reveals that the victim and her boyfriend, who is appellant's son, were staying with appellant. At approximately 6:15 a.m., the victim awoke to find appellant on top of her with his underwear off. According to the victim, appellant told her to spread her legs and he pulled her underwear to the side. Appellant attempted to put his penis into her vagina. When the victim resisted and told him "no," appellant hit her in the face and continued to attempt vaginal intercourse with her. The victim yelled for her boyfriend and was ultimately able to push appellant off of her and escape. She fled to a neighbor's apartment and her boyfriend later took her to a hospital. Appellant's son described appellant as a drunk and abusive.
 {¶ 5} The report documents that appellant's version of events was that his son and the victim began living with appellant after his son was released from prison, and the two remained in his home after he had asked them both to leave. He denied ever touching the victim in an inappropriate way. The report also reveals that the victim had applied to the Ohio Crime Victims Compensation Fund for $3,000 to pay for hospital bills.
 {¶ 6} The transcript of the sentencing hearing discloses that appellant's counsel asked that the court impose a community control sanction, noting that appellant had no prior convictions and arguing that, though appellant made sexual advances toward the victim, he thought these advances would be welcome because the victim and appellant's son had previously engaged in sexual intercourse in appellant's own bed. The defense also contended that the victim and her boyfriend had refused to leave the premises after appellant asked them to do so, and appellant's son had beaten the victim.
 {¶ 7} The court found that, despite appellant's plea to aggravated assault, appellant had indeed committed an attempted rape. The court noted that, "[t]he defendant was in essence in a position of being a landlord and having his son's girlfriend living there." (Tr., 4.) The court found that "the offense's seriousness outweighs all other factors with respect to seriousness." (Ibid.) The court found little cause for concern that appellant would reoffend, given the fact that appellant had no prior convictions, but found that the offense was serious enough to warrant prison time. The court sentenced appellant to 17 months in prison, which is one month less than the maximum for fourth-degree felonies. See R.C. 2929.14(A)(4).
 {¶ 8} Appellant timely appealed and advances one assignment of error for our review, as follows:
THE SENTENCE OF THE COURT OF 17 MONTHS OF IMPRISONMENT FOR A FELONY OF THE FOURTH DEGREE WAS ERROR.
 {¶ 9} Appellant failed to object to the court's imposition of a prison term at the sentencing hearing, but we are permitted to notice plain error committed in the trial court and urged for the first time on appeal "under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus. "Plain error exists where, but for the error, the outcome of the case would clearly have been different." State v. Darks, 10th Dist. No. 05AP-982, 2006-Ohio-3144, ¶ 22, citing State v. Carson, 10th Dist. No. 05AP-13, 2006-Ohio-2440. We note that appellant does not argue that his sentence amounts to plain error.
 {¶ 10} He argues that the record is insufficient to support a finding that prison was consistent with the purposes and principles of sentencing found in R.C. 2929.11. He also argues that his sentence is not consistent with sentences imposed for similar crimes committed by similar offenders. Finally, citingBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, he argues that when the trial court stated during the sentencing hearing that, "this was factually a rape" the court impermissibly based its sentence upon a finding of fact not admitted by appellant or found by a jury, thereby violating appellant's Sixth Amendment rights.
 {¶ 11} An appellate court will not disturb a trial court's sentencing decision absent clear and convincing evidence that either: (1) the record does not support the sentence, or (2) the sentence is clearly contrary to law. State v. Maxwell, 10th
Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 27; R.C. 2953.08(G)(2)(b).
 {¶ 12} Appellant has no right to challenge the imposition of prison for a fourth-degree felony on grounds that the sentence is unsupported by the record if the trial court found that one or more factors specified in divisions (B)(1)(a) to (i) of section2929.13 of the Revised Code apply relative to appellant. R.C.2953.08(A)(2). In this case, the court found that appellant caused physical harm to the victim, which is a factor enumerated in R.C. 2929.13(B)(1). Thus, appellant has no right to appeal his sentence based on lack of support in the record.
 {¶ 13} A defendant may still argue on appeal that his sentence is contrary to law. R.C. 2953.08(A)(4). Section2929.13(B) of the Ohio Revised Code governs the sentencing of an offender convicted of a fourth degree felony. "R.C. 2929.13(B) does not create a presumption that an offender who commits a fourth or fifth degree felony be sentenced to community control."State v. Shannon, 10th Dist. No. 05AP-345, 2006-Ohio-213, ¶ 10, citing State v. Jones (Nov. 4, 1999), 10th Dist. No. 99AP-72.
 {¶ 14} In sentencing an offender who commits a fifth-degree felony, the trial court first determines whether any of the nine factors enumerated in R.C. 2929.13(B)(1) are present. State v.Aliane, 10th Dist. No. 02AP-986, 2003-Ohio-2022, ¶ 27. If the trial court finds that any of the R.C. 2929.13(B)(1) factors apply, the court then considers the factors set forth in R.C.2929.12, concerning the seriousness of the offense and the likelihood of the offender's recidivism, to determine if a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. See R.C. 2929.13(B)(2)(a).
 {¶ 15} R.C. 2929.11 provides that the overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. If the trial court finds that (1) a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, and (2) the offender is not amenable to a community control sanction, the court "shall impose a prison term upon the offender." R.C.2929.13(B)(2)(a). See, also, Aliane, supra.
 {¶ 16} "Even if the trial court does not find that an R.C.2929.13(B)(1) factor applies, the trial court has the authority and retains broad discretion to impose a prison term if the court considers the seriousness and recidivism factors contained in R.C. 2929.12 and finds that a prison sentence, rather than community control, is warranted." State v. Chandler, 10th
Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 13. (Citations omitted.) See, also, State v. Jones (Nov. 4, 1999), 10th Dist. No. 99AP-72; State v. Fincher (Oct. 14, 1997), 10th Dist. No. 97APA03-352, jurisdictional motion overruled (1998),81 Ohio St.3d 1443, 690 N.E.2d 15; State v. Kelley, 10th Dist. No. 04AP-694, 2005-Ohio-3620, ¶ 11.
 {¶ 17} The trial court in the instant case found that appellant posed little risk of recidivism. However, the court found that appellant's offense was facilitated by the fact that he was the victim's de facto landlord, and this fact elevated the seriousness of the offense. The court also found that appellant used physical violence toward the victim, another fact that raised the level of seriousness of the offense. Based on those circumstances, the court found that, "the offense's seriousness outweighs all other factors with respect to seriousness." (Tr., 4.) The court went on to state, "considering the seriousness of the offense, the court finds that a prison term is appropriate" and further found that "a minimum sentence would demean the seriousness of the offense." (Ibid.)
 {¶ 18} There is no express duty for the court to state factors going to the proportionality of a sentence. State v.Brumley, 8th Dist. No. 82723, 2003-Ohio-6871, ¶ 7. Moreover, it is clear that the trial court in the present case considered the purposes and principles of felony sentencing, and analyzed appellant's conduct and the appropriateness of his sentence in light thereof.
 {¶ 19} Finally, we reject appellant's Blakely-based argument because Blakely concerned the constitutionality of a state statutory sentencing scheme, not a trial court's comments regarding the seriousness of an offense. Moreover, though the trial court characterized appellant's conduct as "factually a rape" on page four of the transcript, defense counsel corrected the court on page five, whereupon, the court acknowledged its error, corrected itself and apologized. It is clear that the court commented on the factual details of appellant's conduct as part of its seriousness analysis under R.C. 2929.12.
 {¶ 20} For all of the foregoing reasons, we perceive no error, let alone plain error, in the trial court's imposition of appellant's sentence. Accordingly, appellant's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt, P.J., and Travis, J., concur.